UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THE CITY OF JACKSONVILLE,   )     Case No.: 3:12-CV-850-J-25MCR
a State of Florida municipal corporation,

)

      Plaintiff,

)

vs.

)

SHOPPES OF LAKESIDE, INC., a Florida
corporation; JACKSONVILLE   )
HOSPITALITY HOLDINGS L.P., a
Delaware limited partnership;   )
CONTINENTAL HOLDINGS, INC., a
Wyoming corporation,   )

      Defendants.   )

_____)

## THIRD PARTY COMPLAINT

Third-Party Plaintiff Continental Holdings, Inc., a Wyoming corporation ("CHI"),

states these claims against Third-Party Defendants, Houston Pipe Line Company, L.P., a

Delaware limited partnership ("Pipe Line"), HPL GP, LLC, a Delaware limited liability

company ("HPLGP"), Greif, Inc., a Delaware corporation ("Greif"), Claude Nolan Cadillac,

a Florida corporation ("Claude Nolan"), JEA f/k/a Jacksonville Electric Authority, a body

politic and corporate and independent agency of the City of Jacksonville ("JEA"), and

Texaco, Inc., a Delaware corporation ("Texaco"), and alleges:

### Jurisdiction and Venue

1.     CHI is a Wyoming corporation.

2.	This is a civil action brought pursuant to §§107, 113(f)(1) and 113(g)(2) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§9607(a), 9613(f)(1) & 9613(g)(2) and pursuant to § 376.313, Florida Statutes.

3.	This Court has jurisdiction over the subject matter under §§107(a), 113(f)(1) and 113(g)(2) of CERCLA and under 28 U.S.C. § 1367 for the pendent state law claim pursuant to § 376.313, Florida Statutes for damages in excess of $75,000.00.

## General Allegations

4.	The City of Jacksonville (the "City") owns a parcel of real property in Jacksonville, Florida generally known as Confederate Park.

5.	A portion of Hogans Creek runs through Confederate Park.

6.	A separate parcel of property is located immediately to the south of Confederate Park and has a street address of 937 North Main Street, Jacksonville, Florida (the "Shoppes Parcel").

7.	The Shoppes Parcel is currently owned by Defendant Shoppes of Lakeside, Inc.

8.	To the south of the Shoppes Parcel and across Orange Street lies a parcel of property with a street address of 901 North Main Street, Jacksonville, Florida (the "JHH Parcel").

9.	The JHH Parcel is currently owned by Defendant Jacksonville Hospitality Holdings, L.P.

10.    The soil and groundwater in and beneath Confederate Park, the Shoppes Parcel, and the JHH Parcel (the "Site") is reportedly contaminated with various hazardous substances and pollutants, as defined by CERCLA and Chapter 376, Florida Statutes.

11.    Pursuant to a charter from the City, Jacksonville Gas Company operated a manufactured gas plant on the JHH Property (the "Main Street MGP") from approximately 1874 to 1912.

12.    The City has asserted claims against CHI in this action alleging that waste from the Main Street MGP was released at the Site while Jacksonville Gas Company owned and operated the Main Street MGP and the JHH Parcel.

13.    The City further alleges that CHI is the successor to the liabilities of Jacksonville Gas Company relating to the Main Street MGP and, therefore, is liable for those releases from the Main Street MGP as the former owner and operator of the Main Street MGP and the JHH Parcel.

14.    CHI is not the successor to the liabilities of Jacksonville Gas Company relating to the Main Street MGP.

15.    CHI is not liable under § 107, CERCLA to any person for damages alleged to have been incurred or that will be incurred in connection with the remediation of the Site.

16.    CHI has retained Smith Hulsey & Busey to represent it in this action and has agreed to pay a reasonable rate for the work performed on this matter.  CHI has incurred and will continue to incur attorneys' fees and costs.

**Count One**
**(<u>Joint and Several Liability under CERCLA §§ 107(a), 113(g) – Pipe Line & HPLGP</u>)**

17.      The allegations of paragraphs 1 through 16 are realleged and incorporated by reference as if fully set forth herein.

18.      Pipe Line is a Delaware limited partnership.

19.      The Jacksonville Gas Company was a Florida corporation with its headquarters and primary business operations in Jacksonville, Florida.

20.      Jacksonville Gas Company engaged in substantial and not isolated activity within the State of Florida by producing, storing, and distributing manufactured gas to the residents of the City of Jacksonville.

21.      Pipe Line is the successor to Jacksonville Gas Company and to its liabilities arising out of the operation the Main Street MGP and ownership of the JHH Parcel.

22.      Jacksonville Gas Company:

(a)      operated, conducted, engaged in, and/or carried on the business of manufacturing, storing, and distributing manufactured gas in Florida;

(b)      owned, used, and possessed the JHH Parcel; and

(c)      caused injuries to the Site arising out of its acts or omissions associated with operating the Main Street MGP and JHH Parcel when it was engaged in providing manufactured gas to the residents of the City of Jacksonville and while its product was used and consumed within Florida in the ordinary course of commerce.

23.      HPLGP is a Delaware limited liability company and is the general partner of Pipe Line.

24.     As the general partner of Pipe Line, HPLGP is jointly and severally liable for Pipe Line's liabilities and its predecessor's acts.

25.     The Site is a place where hazardous substances have been released or have come to be located.

26.     The City has asserted claims against CHI under §§ 107(a) and 113(g)(2), CERCLA, for damages and response costs associated with the remediation of the Site and declaratory relief that CHI is responsible for future response costs the City incurs remediating the Site.

27.     CHI has incurred response costs related to the Site and expects to incur further such response costs in the future.

28.     Any past costs that CHI has incurred and will continue to incur in the future are and will be consistent with the National Contingency Plan.

29.     To the extent waste from the Main Street MGP was released at the Site while Jacksonville Gas Company owned and operated the Main Street MGP and the JHH Parcel, CHI is entitled to recover from Pipe Line and HPLGP, jointly and severally, any response costs CHI has incurred in connection with releases of hazardous substances at the Site, and CHI is entitled to a judgment that Pipe Line and HPLGP are liable, jointly and severally, for any future response costs CHI incurs in connection with releases of hazardous substances at the Site.

WHEREFORE, CHI requests the Court enter judgment in favor of CHI and against Pipe Line and HPLGP for: (i) pursuant to § 107, CERCLA, all response costs incurred by CHI in connection with releases of hazardous substances at the Site, and all other

recoverable costs, together with interest thereon and requiring Pipe Line and HPLGP to pay such costs to CHI; (ii) pursuant § 113(g)(2), CERCLA, finding Pipe Line and HPLGP liable for all future response costs incurred by CHI in connection with release of hazardous substances at the Site, and all other recoverable costs, together with interest thereon and requiring Pipe Line and HPLGP to pay such costs to CHI; (iii) all costs of this action, including interest, attorneys' fees allowed by law and costs; and (iv) for such other and further relief at law or in equity as the Court deems just and proper.

**Count Two**
**(Joint and Several Liability under § 376.313, Florida Statutes – Pipe Line & HPLGP)**

30.     The allegations of paragraphs 1 through 16 and paragraphs 18 through 24 are realleged and incorporated by reference as if fully set forth herein.

31.     The Site is a place where pollutants and contaminants were discharged into or upon the surface or ground waters.

32.     To the extent pollutants and contaminants from the Main Street MGP were discharged into or upon the surface or ground waters of the Site while Jacksonville Gas Company owned and operated the Main Street MGP and the JHH Parcel, Pipe Line and HPLGP are jointly and severally liable for the costs of remediation of the Site under Chapter 376, Florida Statutes.

33.     As a result of the discharge of pollutants and contaminants into or upon the surface or ground waters of the Site, CHI has incurred, and continues to incur, damages, including, but not limited to, attorneys' fees and costs.

34.     The attorneys' fees and costs that CHI has incurred in defending this action have been incurred while pursuing the public interest.

WHEREFORE, CHI requests the Court enter judgment in favor of CHI and against Pipe Line and HPLGP: (i) finding Pipe Line and HPLGP liable, jointly and severally, pursuant to § 376.313, Florida Statutes, for damages incurred by CHI resulting from the discharge of pollutants or hazardous substances at the Site in violation of § 376.302(1)(a); (ii) pursuant to § 376.313(6), finding Pipe Line and HPLGP liable for CHI's attorneys' fees and costs; and (iii) granting such other and further relief at law or in equity as the Court deems just and proper.

**Count Three**
**(<u>Joint and Several Liability under CERCLA §§ 107(a), 113(g) – Greif</u>)**

35.     The allegations of paragraphs 1 through 16 are realleged and incorporated by reference as if fully set forth herein.

36.     Greif is a Delaware corporation that is registered to do business in Florida.

37.     Greif is engaged in substantial and not isolated within Florida.

38.     The Jacksonville Gas Company was a Florida corporation with its headquarters and primary business operations in Jacksonville, Florida.

39.     Jacksonville Gas Company engaged in substantial and not isolated activity within the State of Florida by producing, storing, and distributing manufactured gas to the residents of the City of Jacksonville.

40.     Greif is the successor to Jacksonville Gas Company and to its liabilities arising out of the operation of the Main Street MGP and ownership of the JHH Parcel.

41.     Jacksonville Gas Company:

        (a)     operated, conducted, engaged in, and/or carried on the business of manufacturing, storing, and distributing manufactured gas in Florida;

(b)     owned, used, and possessed the JHH Parcel; and

(c)     caused injuries to the Site arising out of its acts or omissions associated with operating the Main Street MGP and JHH Parcel when it was engaged in providing manufactured gas to the residents of the City of Jacksonville and while its product was used and consumed within Florida in the ordinary course of commerce.

42.     The Site is a place where hazardous substances have been released or have come to be located.

43.     The City has asserted claims against CHI under §§ 107(a) and 113(g)(2), CERCLA, for damages and response costs associated with the remediation of the Site and declaratory relief that CHI is responsible for future response costs.

44.     CHI has incurred response costs related to the Site and expects to incur further such response costs in the future.

45.     Any past costs that CHI has incurred and will continue to incur in the future are and will be consistent with the National Contingency Plan.

46.     To the extent waste from the Main Street MGP was released at the Site while Jacksonville Gas Company owned and operated the Main Street MGP and the JHH Parcel, CHI is entitled to recover from Greif, jointly and severally, any response costs CHI has incurred in connection with releases of hazardous substances at the Site, and CHI is entitled to a judgment that Greif is liable, jointly and severally, for any future response costs CHI incurs in connection with releases of hazardous substances at the Site.

WHEREFORE, CHI requests the Court enter judgment in favor of CHI and against Greif for: (i) pursuant to § 107, CERCLA, all response costs incurred by CHI in connection with releases of hazardous substances at the Site, and all other recoverable costs, together with interest thereon and requiring Greif to pay such costs to CHI; (ii) pursuant § 113(g)(2), CERCLA, finding Greif liable for all future response costs incurred by CHI in connection with release of hazardous substances at the Site, and all other recoverable costs, together with interest thereon and requiring Greif to pay such costs to CHI; (iii) all costs of this action, including interest, attorneys' fees allowed by law and costs; and (iv) for such other and further relief at law or in equity as the Court deems just and proper.

### Count Four
### (<u>Joint and Several Liability under § 376.313, Florida Statutes – Greif</u>)

47.     The allegations of paragraphs 1 through 16, paragraph 31, and paragraphs 36 through 41 are realleged and incorporated by reference as if fully set forth herein.

48.     To the extent pollutants and contaminants from the Main Street MGP were discharged into or upon the surface or ground waters of the Site while Jacksonville Gas Company owned and operated the Main Street MGP and the JHH Parcel, Greif is jointly and severally liable for the costs of remediation of the Site under Chapter 376, Florida Statutes.

49.     As a result of the discharge of pollutants and contaminants into or upon the surface or ground waters of the Site, CHI has incurred, and continues to incur, damages, including, but not limited to, attorneys' fees and costs.

50.     The attorneys' fees and costs that CHI has incurred in defending this action have been incurred while pursuing the public interest.

WHEREFORE, CHI requests the Court enter judgment in favor of CHI and against Greif: (i) finding Greif liable, jointly and severally, pursuant to § 376.313, Florida Statutes, for damages incurred by CHI resulting from the discharge of pollutants or hazardous substances at the Site in violation of § 376.302(1)(a); (ii) pursuant to § 376.313(6), finding Greif liable for CHI's attorneys' fees and costs; and (iii) granting such other and further relief at law or in equity as the Court deems just and proper.

**Count Five**
**(Joint and Several Liability under CERCLA §§ 107(a), 113(g) – Claude Nolan)**

51.     The allegations of paragraphs 1 through 16 are realleged and incorporated by reference as if fully set forth herein.

52.     Claude Nolan is a Florida corporation.

53.     The Site is a place where hazardous substances have been released or have come to be located.

54.     Claude Nolan owned and operated the JHH Parcel and the Shoppes Parcel when one or more releases of hazardous substances into the Site occurred.

55.     The City has asserted claims against CHI under §§ 107(a) and 113(g)(2), CERCLA, for damages and response costs associated with the remediation of the Site and declaratory relief that CHI is responsible for future response costs.

56.     CHI has incurred response costs related to the Site and expects to incur further such response costs in the future.

57.     Any past costs that CHI has incurred and will continue to incur in the future are and will be consistent with the National Contingency Plan.

58.     As the owner and operator of the JHH Parcel and the Shoppes Parcel at the time of one or more releases into the Site, Claude Nolan is liable for any response costs with respect to the Site.

59.     CHI is entitled to recover from Claude Nolan, jointly and severally, any response costs CHI has incurred in connection with releases of hazardous substances at the Site.

60.     CHI is entitled to a judgment that Claude Nolan is liable, jointly and severally, for any future response costs CHI incurs in connection with releases of hazardous substances at the Site.

WHEREFORE, CHI requests the Court enter judgment in favor of CHI and against Claude Nolan for: (i) pursuant to § 107, CERCLA, all response costs incurred by CHI in connection with releases of hazardous substances at the Site, and all other recoverable costs, together with interest thereon and requiring Claude Nolan to pay such costs to CHI; (ii) pursuant § 113(g)(2), CERCLA, finding Claude Nolan liable for all future response costs incurred by CHI in connection with release of hazardous substances at the Site, and all other recoverable costs, together with interest thereon and requiring Claude Nolan to pay such costs to CHI; (iii) all costs of this action, including interest, attorneys' fees allowed by law and costs; and (iv) for such other and further relief at law or in equity as the Court deems just and proper.

## Count Six
### (Contribution under CERCLA § 113(f)(1) – Claude Nolan)

61.     The allegations of paragraphs 1 through 16 and paragraphs 52 through 58 are realleged and incorporated by reference as if fully set forth herein.

62.     If CHI is determined to be liable under § 107, CERCLA, then pursuant § 113, CERCLA, CHI is entitled to contribution from Claude Nolan for the costs of remediation sought by the City against CHI.

WHEREFORE, CHI requests the Court enter judgment in favor of CHI and against Claude Nolan for: (i) pursuant to § 113(f)(1), CERCLA, contribution from Claude Nolan for its equitable share of response costs incurred by CHI in connection with releases of hazardous substances at the Site, and all other recoverable costs, together with interest thereon and requiring Claude Nolan to pay such costs to CHI; (ii) pursuant § 113(g)(2), CERCLA, finding Claude Nolan liable for its equitable share of future response costs incurred by CHI in connection with release of hazardous substances at the Site, and all other recoverable costs, together with interest thereon and requiring Claude Nolan to pay such costs to CHI; (iii) all costs of this action, including interest, attorneys' fees allowed by law and costs; and (iv) such other and further relief at law or in equity as the Court deems just and proper.

**Count Seven**
**(Joint and Several Liability under § 376.313, Florida Statutes – Claude Nolan)**

63.     The allegations of paragraphs 1 through 16, paragraph 31, and paragraph 52 are realleged and incorporated by reference as if fully set forth herein.

64.     Claude Nolan formerly owned and operated the JHH Parcel and the Shoppes Parcel.

65.     During the time that Claude Nolan owned and operated the JHH Parcel and the Shoppes Parcel, one or more discharges of pollutants or hazardous substances into or

upon the surface or ground waters at the Site occurred in violation of departmental standards.

66.     Claude Nolan is jointly and severally liable for the costs of remediation of the Site under Chapter 376, Florida Statutes.

67.     As a result of the discharges of such substances from Claude Nolan's property into or upon the surface or ground waters of the Site, CHI has incurred, and continues to incur, damages, including, but not limited to, attorneys' fees and costs.

68.     The attorneys' fees and costs that CHI has incurred in defending this action have been incurred while pursuing the public interest.

WHEREFORE, CHI requests the Court enter judgment in favor of CHI and against Claude Nolan: (i) finding Claude Nolan liable, jointly and severally, pursuant to § 376.313, Florida Statutes, for damages incurred by CHI resulting from the discharge of pollutants or hazardous substances at the Site in violation of § 376.302(1)(a); (ii) pursuant to § 376.313(6), finding Claude Nolan liable for CHI's attorneys' fees and costs; and (iii) granting such other and further relief at law or in equity as the Court deems just and proper.

### Count Eight
### (<u>Contribution under § 376.313, Florida Statutes – Claude Nolan</u>)

69.     The allegations of paragraphs 1 through 16, paragraph 31, paragraph 52, paragraph 61, paragraphs 64 through 65, and paragraphs 67 through 68 are realleged and incorporated by reference as if fully set forth herein.

70.     If CHI is determined to be liable for damages for the discharge of pollutants or hazardous substance in violation of § 376.302(1)(a), Florida Statutes, the damages

attributable to discharges for which Claude Nolan is liable are divisible from any damages for which CHI is liable.

71.     CHI is entitled to a judgment against Claude Nolan for the response costs incurred by CHI in connection with discharges for which Claude Nolan is liable.

WHEREFORE, CHI requests the Court enter judgment in favor of CHI and against Claude Nolan: (i) finding Claude Nolan liable, pursuant to § 376.313, Florida Statutes, for damages incurred by CHI resulting from the discharge by Claude Nolan of pollutants or hazardous substances at the Site in violation of § 376.302(1)(a); (ii) pursuant to § 376.313(6), finding Claude Nolan liable for CHI's attorneys' fees and costs; and (iii) granting such other and further relief at law or in equity as the Court deems just and proper.

**Count Nine**
**(Joint and Several Liability under CERCLA §§ 107(a), 113(g) – JEA)**

72.     The allegations of paragraphs 1 through 16 are realleged and incorporated by reference as if fully set forth herein.

73.     JEA is a body politic and corporate and independent agency of the City.

74.     The Site is a place where hazardous substances have been released or have come to be located.

75.     JEA either owns or is as the grantee of and operates utility easements that run through the Site.

76.     In connection with JEA's ownership or operation of the utility easements running through the Site, it has arranged for, or has arranged with a transporter for, the disposal and/or release of hazardous substances and pollutants in and through the Site during its construction, installation, operation, improvement, repair, and maintenance of facilities

and associated equipment for various utility systems, including electrical, water reuse, water, sewer, or other public utilities located in the easements.

77. The City has asserted claims against CHI under §§ 107(a) and 113(g)(2), CERCLA, for damages and response costs associated with the remediation of the Site and declaratory relief that CHI is responsible for future response costs.

78. CHI has incurred response costs related to the Site and expects to incur further such response costs in the future.

79. Any past costs that CHI has incurred and will continue to incur in the future are and will be consistent with the National Contingency Plan.

80. As an arranger for the disposal of hazardous substances at the Site, JEA is liable for any response costs with respect to the Site.

81. CHI is entitled to recover from JEA, jointly and severally, any response costs CHI has incurred in connection with releases of hazardous substances at the Site.

82. CHI is entitled to a judgment that JEA is liable, jointly and severally, for any future response costs CHI incurs in connection with releases of hazardous substances at the Site.

WHEREFORE, CHI requests the Court enter judgment in favor of CHI and against JEA for: (i) pursuant to § 107, CERCLA, all response costs incurred by CHI in connection with releases of hazardous substances at the Site, and all other recoverable costs, together with interest thereon and requiring JEA to pay such costs to CHI; (ii) pursuant § 113(g)(2), CERCLA, finding JEA liable for all future response costs incurred by CHI in connection with release of hazardous substances at the Site, and all other recoverable costs, together

with interest thereon and requiring JEA to pay such costs to CHI; (iii) all costs of this action, including interest, attorneys' fees allowed by law and costs; and (iv) for such other and further relief at law or in equity as the Court deems just and proper.

### Count Ten
### (Contribution under CERCLA § 113(f)(1) – JEA)

83.     The allegations of paragraphs 1 through 16 and paragraphs 73 through 80 are realleged and incorporated by reference as if fully set forth herein.

84.     If CHI is determined to be liable under § 107, CERCLA, then pursuant § 113, CERCLA, CHI is entitled to contribution from JEA for the costs of remediation sought by the City against CHI.

WHEREFORE, CHI requests the Court enter judgment in favor of CHI and against JEA for: (i) pursuant to § 113(f)(1), CERCLA, contribution from JEA for its equitable share of response costs incurred by CHI in connection with releases of hazardous substances at the Site, and all other recoverable costs, together with interest thereon and requiring JEA to pay such costs to CHI; (ii) pursuant § 113(g)(2), CERCLA, finding JEA liable for its equitable share of future response costs incurred by CHI in connection with release of hazardous substances the Site, and all other recoverable costs, together with interest thereon and requiring JEA to pay such costs to CHI; (iii) all costs of this action, including interest, attorneys' fees allowed by law and costs; and (iv) such other and further relief at law or in equity as the Court deems just and proper.

**Count Eleven**
**(<u>Joint and Several Liability under § 376.313, Florida Statutes – JEA</u>)**

85.     The allegations of paragraphs 1 through 16, paragraph 31, paragraph 73, and paragraphs 75 through 76 are realleged and incorporated by reference as if fully set forth herein.

86.     JEA has discharged pollutants or hazardous substances into or upon the surface or ground waters of the Site in violation of departmental standards.

87.     JEA is jointly and severally liable for the costs of remediation of the Site under Chapter 376, Florida Statutes.

88.     As a result of JEA's discharge of such substances into or upon the surface or ground waters of the Site, CHI has incurred, and continues to incur, damages, including, but not limited to, attorneys' fees and costs.

89.     The attorneys' fees and costs that CHI has incurred in defending this action have been incurred while pursuing the public interest.

WHEREFORE, CHI requests the Court enter judgment in favor of CHI and against JEA: (i) finding JEA liable, jointly and severally, pursuant to § 376.313, Florida Statutes, for damages incurred by CHI resulting from the discharge of pollutants or hazardous substances at the Site in violation of § 376.302(1)(a); (ii) pursuant to § 376.313(6), finding JEA liable for CHI's attorneys' fees and costs; and (iii) granting such other and further relief at law or in equity as the Court deems just and proper.

**Count Twelve**
**(Contribution under § 376.313, Florida Statutes – JEA)**

90.     The allegations of paragraphs 1 through 16, paragraph 31, paragraph 73, paragraphs 75 through 76, paragraph 86, and paragraphs 88 through 89 are realleged and incorporated by reference as if fully set forth herein.

91.     If CHI is determined to be liable for damages for the discharge of pollutants or hazardous substance in violation of § 376.302(1)(a), Florida Statutes, the damages attributable to discharges for which JEA is liable are divisible from any damages for which CHI is liable.

92.     CHI is entitled to a judgment against JEA for the response costs incurred by CHI in connection with discharges for which JEA is liable.

WHEREFORE, CHI requests the Court enter judgment in favor of CHI and against JEA: (i) finding JEA liable, pursuant to § 376.313, Florida Statutes, for damages incurred by CHI resulting from the discharge by JEA of pollutants or hazardous substances at the Site in violation of § 376.302(1)(a); (ii) pursuant to § 376.313(6), finding JEA liable for CHI's attorneys' fees and costs; and (iii) granting such other and further relief at law or in equity as the Court deems just and proper.

**Count Thirteen**
**(Joint and Several Liability under CERCLA §§ 107(a), 113(g) – Texaco)**

93.     The allegations of paragraphs 1 through 16 are realleged and incorporated by reference as if fully set forth herein.

94.     Texaco is a Delaware corporation.

95.     The Site is a place where hazardous substances have been released or have come to be located.

96.     Seaboard Oil Company ("Seaboard") operated the JHH Parcel when one or more releases of hazardous substances into the Site occurred.

97.     Texaco is the corporate successor to Seaboard.

98.     Texaco is the successor to the liabilities of Seaboard, including its liabilities arising out of or relating to any releases from the JHH Parcel into the Site.

99.     Texaco is engaged in substantial and not isolated within Florida.

100.    Seaboard:

        (a)     operated, conducted, engaged in, and/or carried on the business in Florida; and

        (b)     leased, used, operated, and/or possessed the JHH Parcel.

101.    The City has asserted claims against CHI under §§ 107(a) and 113(g)(2), CERCLA, for damages and response costs associated with the remediation of the Site and declaratory relief that CHI is responsible for future response costs.

102.    CHI has incurred response costs related to the Site and expects to incur further such response costs in the future.

103.    Any past costs that CHI has incurred and will continue to incur in the future are and will be consistent with the National Contingency Plan.

104.    As the successor to Seaboard, an operator of the JHH Parcel when one or more releases of hazardous substances into the Site occurred, Texaco is liable for any response costs with respect to the Site.

105. CHI is entitled to recover from Texaco, jointly and severally, any response costs CHI has incurred in connection with releases of hazardous substances at the Site.

106. CHI is entitled to a judgment that Texaco is liable, jointly and severally, for any future response costs CHI incurs in connection with releases of hazardous substances at the Site.

WHEREFORE, CHI requests the Court enter judgment in favor of CHI and against Texaco for: (i) pursuant to § 107, CERCLA, all response costs incurred by CHI in connection with releases of hazardous substances at the Site, and all other recoverable costs, together with interest thereon and requiring Texaco to pay such costs to CHI; (ii) pursuant § 113(g)(2), CERCLA, finding Texaco liable for all future response costs incurred by CHI in connection with release of hazardous substances at the Site, and all other recoverable costs, together with interest thereon and requiring Texaco to pay such costs to CHI; (iii) all costs of this action, including interest, attorneys' fees allowed by law and costs; and (iv) for such other and further relief at law or in equity as the Court deems just and proper.

### Count Fourteen
### (Contribution under CERCLA § 113(f)(1) – Texaco)

107. The allegations of paragraphs 1 through 16 and paragraphs 94 through 104 are realleged and incorporated by reference as if fully set forth herein.

108. If CHI is determined to be liable under § 107, CERCLA, then pursuant § 113, CERCLA, CHI is entitled to contribution from Texaco for the costs of remediation sought by the City against CHI.

WHEREFORE, CHI requests the Court enter judgment in favor of CHI and against Texaco for: (i) pursuant to § 113(f)(1), CERCLA, contribution from Texaco for its equitable

share of response costs incurred by CHI in connection with releases of hazardous substances at the Site, and all other recoverable costs, together with interest thereon and requiring Texaco to pay such costs to CHI; (ii) pursuant § 113(g)(2), CERCLA, finding Texaco liable for its equitable share of future response costs incurred by CHI in connection with release of hazardous substances at the Site, and all other recoverable costs, together with interest thereon and requiring Texaco to pay such costs to CHI; (iii) all costs of this action, including interest, attorneys' fees allowed by law and costs; and (iv) such other and further relief at law or in equity as the Court deems just and proper.

## Count Fifteen
### (Joint and Several Liability under § 376.313, Florida Statutes – Texaco)

109.    The allegations of paragraphs 1 through 16, paragraph 31, paragraph 94, and paragraphs 97 through 100 are realleged and incorporated by reference as if fully set forth herein.

110.    Texaco is the successor to Seaboard, which formerly operated the JHH Parcel.

111.    During the time that Seaboard operated the JHH Parcel, one or more discharges of pollutants or hazardous substances into or upon the surface or ground waters at the Site occurred in violation of departmental standards.

112.    Texaco, as the successor to Seaboard, is jointly and severally liable for the costs of remediation of the Site under Chapter 376, Florida Statutes.

113.    As a result of the discharges of such substances from the JHH Parcel that occurred when Seaboard operated the JHH Parcel into or upon the surface or ground waters

of the Site, CHI has incurred, and continues to incur, damages, including, but not limited to, attorneys' fees and costs.

114.    The attorneys' fees and costs that CHI has incurred in defending this action have been incurred while pursuing the public interest.

WHEREFORE, CHI requests the Court enter judgment in favor of CHI and against Texaco: (i) finding Texaco liable, jointly and severally, pursuant to § 376.313, Florida Statutes, for damages incurred by CHI resulting from the discharge of pollutants or hazardous substances at the Site in violation of § 376.302(1)(a); (ii) pursuant to § 376.313(6), finding Texaco liable for CHI's attorneys' fees and costs; and (iii) granting such other and further relief at law or in equity as the Court deems just and proper.

### Count Sixteen
### (<u>Contribution under § 376.313, Florida Statutes – Texaco</u>)

115.    The allegations of paragraphs 1 through 16, paragraph 31, paragraph 94, paragraphs 97 through 100, paragraphs 110 through 111, and paragraphs 113 through 114 are realleged and incorporated by reference as if fully set forth herein.

116.    If CHI is determined to be liable for damages for the discharge of pollutants or hazardous substance in violation of § 376.302(1)(a), Florida Statutes, the damages attributable to discharges for which Texaco is liable are divisible from any damages for which CHI is liable.

117.    CHI is entitled to a judgment against Texaco for the response costs incurred by CHI in connection with discharges for which Texaco is liable.

WHEREFORE, CHI requests the Court enter judgment in favor of CHI and against Texaco: (i) finding Texaco liable, pursuant to § 376.313, Florida Statutes, for damages

incurred by CHI resulting from the discharge by Texaco of pollutants or hazardous substances at the Site in violation of § 376.302(1)(a); (ii) pursuant to § 376.313(6), finding Texaco liable for CHI's attorneys' fees and costs; and (iii) granting such other and further relief at law or in equity as the Court deems just and proper.

Respectfully submitted,

SMITH HULSEY & BUSEY

By     *Whitney K. McGuire*
      Tim E. Sleeth
      Whitney K. McGuire
      John R. Thomas

Florida Bar Number: 208922
Florida Bar Number: 34984
Florida Bar Number: 77107
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
tsleeth@smithhulsey.com
wmcguire@smithhulsey.com
jthomas@smithhulsey.com

Attorneys for Continental Holdings, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of April 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notices of electronic filing to:

Michael B. Wedner
Email: mwedner@coj.net
Jason R. Teal
Email: jteal@coj.net
David J. D' Agata
Email: dagata@coj.net
**CITY OF JACKSONVILLE,**
**OFFICE OF GENERAL COUNSEL**
St. James Building, Suite 480
117 W. Duval Street
Jacksonville, FL 32202

William L. Pence
Email: wpence@bakerlaw.com
Kristina R. Ramsey
Email: kramsey@bakerlaw.com
Salomon Laguerre
Email: slaguerre@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 Orange Avenue, Suite 2300
Orlando, FL 32801

James C. Rinaman, III
Email: jrinaman@rinamanlaw.com
**JAMES C. RINAMAN, III &**
**ASSOCIATES, P .A.**
1054 Kings Avenue
Jacksonville, FL 32207

Mary C. Sorrell
Email: sorrel@fdn.com
**MARY C. SORRELL, P.A.**
P.O. Box 330108
Atlantic Beach, FL 32233

_____
*Whitney K. McGuire*
Attorney

00897563.11