UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| THE CITY OF JACKSONVILLE, a State of Florida municipal corporation, | Case No.: 3:12-CV-850-J-25MCR |
| Plaintiff, | |
| vs. | |
| SHOPPES OF LAKESIDE, INC. a Florida corporation; JACKSONVILLE HOSPITALITY HOLDINGS L.P., a Delaware limited partnership; CONTINENTAL HOLDINGS, INC., a Wyoming Corporation, | |
| Defendants. | |

## DEFENDANT CONTINENTAL HOLDINGS, INC.'S AMENDED COUNTERCLAIM

Pursuant to Rule 15(a)(1)(B), Federal Rules of Civil Procedure, Defendant/Counter Plaintiff Continental Holdings, Inc. ("CHI") amends its Counterclaim [Doc. 91] against the Plaintiff/Counter Defendant City of Jacksonville (the "City")[1] and alleges:

### Jurisdiction and Venue

1.   CHI is a Wyoming corporation.

2.   The City is a municipal corporation and political subdivision of the State of Florida, and is the owner of (i) a parcel of real property located in the City of Jacksonville known as Confederate Park; and (ii) the parcel(s) of property in the City of Jacksonville

---

[1] By filing this Amended Counterclaim, CHI does not amend its Answer and Affirmative Defenses previously filed. [*See* Doc. 91.]

located between Main Street and Newnan Street upon which Orange Street is located ("Orange Street").

3. This is a civil action brought pursuant to §§ 107, 113(f)(1), and 113(g)(2) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9607(a), 9613(f)(1), and 9613(g)(2), and pursuant to § 376.313, Florida Statutes.

4. This Court has jurisdiction over the subject matter under §§ 107(a), 113(f)(1), and 113(g)(2) of CERCLA and under 28 U.S.C. § 1367 for the pendent state law claim pursuant to § 376.313, Florida Statutes for damages in excess of $75,000.00.

## General Allegations

5. The City owns and operates Confederate Park.

6. A portion of Hogans Creek runs through Confederate Park.

7. The City also owns and operates Orange Street.

8. Historically, the City used Confederate Park and Hogans Creek as dump sites. The City both allowed dumping by third parties and itself dumped waste in the creek and the park, including dumping into the decorative pond. These waste included hazardous substances.

9. The Jacksonville Gas Company operated the Main Street MGP pursuant to a charter from the City. Pursuant to that charter, the City allowed waste from the Main Street MGP to be deposited into Confederate Park.

10. Additionally, upon information and belief, the City disposed excavation materials and dredge spoils, which included hazardous substances, which were generated when the City rerouted and dredged Hogans Creek, in Confederate Park.

11. Upon information and belief, either the City or JEA f/k/a Jacksonville Electric Authority, an independent authority authorized to own, manage and operate a utilities system within and outside the City of Jacksonville pursuant to Article 21 of the Jacksonville City Charter, created, maintained and expanded the Orange Street utility easement, by excavating soil from the easement area.  Based on the location of the easement, these soils included waste from the Main Street MGP.  Upon information and belief, either the City or JEA disposed of these excavation materials into Confederate Park.

12. The City also generated and deposited ash containing, among other things, heavy metals, including arsenic and lead, polycyclic aromatic hydrocarbons (PAHs) and polychlorinated biphenyls (PCBs), from City-owned municipal garbage incinerators along the sides of Hogans Creek.

13. Upon information and belief, the City also excavated and transported hazardous substances and pollutants while building, altering, and/or maintaining the street and other horizontal and subsurface improvements located at Orange Street.

14. CHI has retained Smith Hulsey & Busey to represent it in this action and has agreed to pay a reasonable rate for the work performed on this matter.  CHI has incurred and will continue to incur attorneys' fees and costs.

15. CHI has concurrently provided a copy of this Amended Counterclaim to the Attorney General of the United States and to the Administrator of the Environmental Protection Agency.

**Count One**
**(Joint & Several Liability – §§ 107(a) and 113(g)(2), CERCLA)**

16. The allegations of Paragraphs 1 through 15 are realleged and incorporated by reference as if fully set forth herein.

17. Confederate Park and Orange Street are sites or areas where hazardous substances have been deposited, disposed of, placed, released, or have otherwise come to be located.

18. The City is the current owner of Confederate Park and Orange Street, and has been the owner of Confederate Park and Orange Street at all times material.

19. The City is a person who disposed or arranged for the disposal of hazardous substances at Confederate Park and/or Orange Street.

20. The City is also a person who transported hazardous substances to Confederate Park and/or Orange Street for disposal.

21. The City has not exercised due care with respect to the hazardous substances released at Confederate Park and/or Orange Street, taking into consideration the characteristics of such hazardous substances, nor has the City taken precautions against foreseeable acts or omissions, or the foreseeable consequences of such acts or omissions, of any third party responsible for the releases of hazardous substances from Confederate Park and/or Orange Street.

22. CHI has been sued by the City under §§ 107(a) and 113(g)(2), CERCLA, for damages and costs associated with the remediation of Confederate Park, Orange Street, and the surrounding areas (collectively, the "Site"), and for declaratory relief that CHI is responsible for future response costs. The Florida Department of Environmental Protection has put CHI on notice that FDEP considers CHI a potentially responsible party for remediation of the Confederate Park Site, Site I.D. # COM_185118; Project I.D. #249048, and has informed CHI, along with the City, that a remedial action plan should be submitted by June 16, 2015.

23. CHI is not a potentially responsible person under §§ 107(a)(1)-(4), CERCLA, and, therefore, cannot be liable to the City.

24. CHI has incurred response costs in connection with, among other things, the City's assertion that CHI is a responsible party.

25. Any response costs and future response costs that CHI has incurred and will continue to incur are and will be consistent with the National Contingency Plan.

26. CHI is entitled to recover from the City, jointly and severally, any responses costs CHI has incurred and continues to incur in connection with releases of hazardous substances at the Site.

27. CHI is entitled to a judgment that the City is liable, jointly and severally, for any future response costs CHI incurs in connection with releases of hazardous substances at the Site.

WHEREFORE, CHI requests the Court enter judgment in favor of CHI and against the City: (i) pursuant to § 107, CERCLA, for all response costs incurred by CHI in

connection with releases of hazardous substances at the Site, and all other recoverable costs, together with interest thereon and requiring the City to pay such costs to CHI; (ii) pursuant § 113(g)(2), CERCLA, finding the City liable for all future responses costs incurred by CHI in connection with release of hazardous substances at the Site, and all other recoverable costs, together with interest thereon, and requiring the City to pay such costs to CHI; (iii) all costs of this action, including interest, attorneys' fees allowed by law and costs; and (iv) for such other and further relief at law or in equity as the Court deems just and proper.

### Count Two
### (Contribution – § 113(f)(1), CERCLA)

28. The allegations of Paragraphs 1 through 15, Paragraphs 17 through 22, and Paragraphs 24 through 25 are realleged and incorporated by reference as if fully set forth herein.

29. If CHI is determined to be a potentially responsible party under §§ 107(a)(1)-(4), CERCLA, then CHI is entitled to contribution from the City for the costs of remediation sought by the City against CHI.

WHEREFORE, CHI requests the Court enter judgment in favor of CHI and against the City: for (i) pursuant to § 113(f)(1), CERCLA, contribution from the City for its equitable share of response costs incurred by CHI in connection with releases of hazardous substances at the Site, and all other recoverable costs, together with interest thereon and requiring the City to pay such costs to CHI; (ii) pursuant § 113(g)(2), CERCLA, finding the City liable for its equitable share of future responses costs incurred by CHI in connection with release of hazardous substances at the Site, and all other recoverable costs, together with interest thereon and requiring the City to pay such costs to CHI; (iii) all costs of this

action, including interest, attorneys' fees allowed by law and costs; and (iv) such other and further relief at law or in equity as the Court deems just and proper.

### Count Three
### (Joint and Several Liability – § 376.313, Florida Statutes)

30. The allegations of Paragraphs 1 through 14 and Paragraph 22 are realleged and incorporated by reference as if fully set forth herein.

31. CHI is not liable under Chapter 376, Florida Statutes, for any contamination at the Site.

32. At all times material, the City has owned and operated Confederate Park and Orange Street.

33. The City has discharged pollutants or hazardous substances into or upon the surface or ground waters of the Site in violation of departmental standards.

34. The City is jointly and severally liable for the costs of remediation of the Site under Chapter 376, Florida Statutes.

35. As a result of the City's discharge of such substances into or upon the surface or ground waters of the Site, CHI has incurred, and continues to incur, damages, including, but not limited to, attorneys' fees and costs.

36. The attorneys' fees and costs that CHI has incurred in defending this action have been incurred while pursuing the public interest.

WHEREFORE, CHI requests the Court enter judgment in favor of CHI and against the City: (i) finding the City liable, jointly and severally, pursuant to § 376.313, Florida Statutes, for damages incurred by CHI resulting from the discharge of pollutants or hazardous substances in the Site in violation of § 376.302(1)(a); (ii) pursuant to

§ 376.313(6), finding the City liable for CHI's attorneys' fees and costs; and (iii) granting such other and further relief at law or in equity as the Court deems just and proper.

### Count Four
### (Contribution – § 376.313, Florida Statutes)

37. The allegations of Paragraphs 1 through 14, Paragraph 22, Paragraphs 32 through 33, and Paragraphs 35 through 36 are realleged and incorporated by reference as if fully set forth herein.

38. If CHI is determined to be a person liable for damages for the discharge of pollutants or hazardous substance in violation of § 376.302(1)(a), Florida Statutes, the damages attributable to discharges for which the City is liable are divisible from any damages for which CHI is liable.

39. CHI is entitled to a judgment against the City for the response costs incurred by CHI in connection with discharges for which the City is liable.

WHEREFORE, CHI requests the Court enter judgment in favor of CHI and against the City: (i) finding the City liable, pursuant to § 376.313, Florida Statutes, for damages incurred by CHI resulting from the discharge by the City of pollutants or hazardous substances in the Site in violation of § 376.302(1)(a); (ii) pursuant to § 376.313(6), finding the City liable for CHI's attorneys' fees and costs; and (iii) granting such other and further relief at law or in equity as the Court deems just and proper.

[*Remainder of page intentionally blank.*]

Respectfully submitted,

SMITH HULSEY & BUSEY


By    /s/ *Whitney K. McGuire*
         Tim E. Sleeth
         Whitney K. McGuire
         John R. Thomas

Florida Bar Number: 208922
Florida Bar Number: 34984
Florida Bar Number: 77107
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
tsleeth@smithhulsey.com
wmcguire@smithhulsey.com
jthomas@smithhulsey.com

Attorneys for Continental Holdings, Inc.

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of May 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notices of electronic filing to: William L. Pence (wpence@bakerlaw.com), Kristina R. Ramsey (kramsey@bakerlaw.com), and Salomon Laguerre (slaguerre@bakerlaw.com), **BAKER & HOSTETLER LLP**, 200 Orange Avenue, Suite 2300, Orlando, FL 32801; Michael B. Wedner, (mwedner@coj.net), Jason R. Teal (jteal@coj.net), and David J. D' Agata (dagata@coj.net), **CITY OF JACKSONVILLE, OFFICE OF GENERAL COUNSEL**, St. James Building, Suite 480, 117 W. Duval Street, Jacksonville, FL 32202; James C. Rinaman, III (jrinaman@rinamanlaw.com), **JAMES C. RINAMAN, III & ASSOCIATES, P .A.**, 1054 Kings Avenue, Jacksonville, FL 32207; Mary C. Sorrell (sorrel@fdn.com), **MARY C. SORRELL, P.A.**, P.O. Box 330108, Atlantic Beach, FL 32233; Sidney F. Ansbacher (sfansbacher@ubulaw.com), **UPCHURCH, BAILEY AND UPCHURCH, P.A.,** P.O. Drawer 3007, St. Augustine, FL 32085-3007; Dominick J. Graziano (dgraziano@bgrplaw.com) and Erin B. Reynolds (ereynolds@bgrplaw.com), **BUSH GRAZIANO RICE & PLATTER, P.A.**, 101 E. Kennedy Boulevard, Suite 1700, Tampa, FL 33602; and George F. Gramling III (george@gramlinglaw.com), **GRAMLING ENVIRONMENTAL LAW, P.A.**, 118 South Newport Avenue, Tampa, FL 33606. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: Greif, Inc., c/o CT Corporation System, Registered Agent, 1200 S. Pine Island Road, Plantation, FL 33324; and Scott R. Alexander and Katherine Grgic,

**TAFT STETTINIUS & HOLLISTER LLP**, One Indiana Square, Suite 3500, Indianapolis, IN 46204.

*/s/ Whitney K. McGuire*
Attorney

00898163.4