# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

THE CITY OF JACKSONVILLE,

    Plaintiff,

v().    Case No.: 3:12-CV-850-J-25MCR

SHOPPES OF LAKESIDE, INC., et al.,

    Defendants.

## CONTINENTAL HOLDINGS' MOTION TO DISMISS WITHOUT PREJUDICE ITS THIRD-PARTY CLAIMS AGAINST THE HOUSTON DEFENDANTS

Pursuant to Rules 41(a)(2) and 11(c)(2), Fed. R. Civ. P., Continental Holdings, Inc. ("CHI") moves for the entry of an order dismissing without prejudice its third-party claims against Houston Pipe Line Company, L.P. and HPL GP, LLC (collectively, "Houston"), and in support says:

1. In its complaint in this action, the City alleges CHI is responsible for the liabilities of Jacksonville Gas Company ("Old Jacksonville Gas Company") arising from operation of a manufactured gas plant near Confederate Park (the "MGP") between 1874 and 1912.

2. In its answer to the City's Complaint (Doc. 91), CHI denies any liability to the City arising out of Old Jacksonville Gas Company's operation of

the MGP because CHI is not the successor to the Jacksonville Gas Company or any of its liabilities.

3.     On April 6, 2015, CHI filed a third-party complaint (Doc. 96),[1] naming six third-party defendants:

   (i)  the two Houston defendants,

   (ii)  Greif, Inc. ("Greif"),

   (iii)  JEA,

   (iv)  Claude Nolan Cadillac, Inc., and

   (v)  Texaco, Inc.

4.     CHI's third-party claims against Houston are pled in the alternative to the extent CHI is found liable to the City.

5.     By stipulations dated October 22 and November 18, 2015, CHI voluntarily dismissed its claims against Texaco (Doc. 179) and Greif (Doc. 185).

6.     On November 13, 2015, CHI also moved to dismiss its claims against Houston (Doc. 184; "CHI's First Motion").

7.     Houston filed an opposition to CHI's First Motion (Doc. 190), demanding to remain a defendant in this action and referencing "the imminent filing of Houston Pipe Line's motion for summary judgment." (*Id.* at 2.)

---

[1] On April 7, 2015, CHI filed an amended third-party Complaint to correct the name of third-party defendant Claude Nolan Cadillac, Inc. (Doc. 97).

8.  During a hearing on January 27, 2016, Houston argued that it must remain in the case through an adjudication of the issue of corporate successorship to Old Jacksonville Gas Company.

9.  On January 27, 2016, the Court entered an order denying CHI's First Motion based on Houston's opposition (Doc. 204). Thus, at its own request, Houston remained a defendant in this action.

10. On September 1, 2016, Houston filed its motion for summary judgment against CHI (Doc. 265).

11. Shortly thereafter, on September 12, 2016, Houston served CHI with the attached letter and motion for sanctions under Rule 11 and 28 U.S.C. § 1927 (the "Rule 11 Motion," Exhibit A). Houston's letter acknowledged that the Rule 11 Motion provided CHI "twenty-one (21) days to dismiss CHI's Third Party Complaint against Houston," but demanded CHI withdraw its third party complaint "with prejudice."[2]

12. In its subsequently filed opposition (Doc. 279) to Houston's motion for summary judgment, CHI showed there are issues of fact regarding transactions in 1984 and 1986-88 that bar summary judgment in Houston's favor. Houston also has since acknowledged the existence of a material split of authority

---

[2] On the same day, Houston separately served the Rule 11 Motion on former Smith Hulsey & Busey shareholder Whitney K. McGuire at her email address with her new employer (attached as Exhibit B). As CHI's former counsel, Ms. McGuire cannot individually effect the relief Houston demands. However, Ms. McGuire agrees with filing this motion in response to the correspondence she received.

3

regarding key legal issues raised by CHI's opposition (Doc. 281). For these reasons, CHI remains confident that there is a sound basis for its claims against Houston, and that those claims have been asserted in good faith.

13. *Nevertheless*, CHI wishes to take advantage of the opportunity presented by Houston's Rule 11 Motion—however baseless—to again attempt to do what CHI attempted to do almost a year ago—simplify this action. CHI wishes to exercise its right under Rule 11(c)(2) to "withdraw" the "challenged claim" by dismissing CHI's third-party claim against Houston *without prejudice*.

14. Rule 11(c)(2) provides that a motion for sanctions "must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn . . . within 21 days after service . . . ."

15. Courts addressing the issue have uniformly held that a motion to voluntarily dismiss a claim *without prejudice* constitutes "withdrawal" of the challenged claim for purposes of Rule 11:

> Nagle, however, prior to the expiration of the twenty-one days provided under Rule 11's safe harbor provisions, both informally and formally, offered to withdraw its challenged unfair competition claims. In an April 8, 1997 letter, Nagle's counsel offered to dismiss those claims without prejudice. *In light of Ford's unwillingness to agree to a dismissal without prejudice, on April 15, 1997, Nagle sought the court's permission to allow it to voluntarily dismiss those claims without prejudice* under Fed. R. Civ. P. 41(a)(2). Nagle argues that its actions satisfy Rule 11(c)(1)(A)'s requirement that the challenged claim be "withdrawn or

4

appropriately corrected", and therefore, it is entitled to protection from Rule 11 sanctions under that rule's safe harbor provisions. *The Court agrees*.

> *Nagle Indus., Inc. v. Ford Motor Co.*, 173 F.R.D. 448, 459 (E.D. Mich. 1997) (emphasis added).

See also,

*Photocircuits Corp. v. Marathon Agents, Inc.*, 162 F.R.D. 449, 452 (E.D.N.Y. 1995) (holding plaintiff was entitled to protection under Rule 11's safe harbor provisions because it moved to withdraw its complaint "without prejudice" prior to filing of the Rule 11 motion);

*Thomason v. First Pryority Bank*, 2010 WL 3607543, *4 (N.D. Okla. 2010) (citing *Nagle* and *Photocircuits* with approval, and holding that the plaintiff's offer to dismiss a claim "without prejudice" satisfied Rule 11, even without a formal motion to dismiss the claim); and

*Dee-K Enterprises, Inc. v. Heveafil Sdn. Bhd.*, 177 F.R.D. 351, 354-355 (E.D.Va. 1998) ("Plaintiffs rightly note that Rule 11 requires only that the nonmovant 'withdraw' the paper, *not that this be done with prejudice;*" emphasis added, citing the advisory committee notes to Rule 11).

16. For these reasons, CHI requests the Court to enter an order dismissing CHI's third-party claims against Houston without prejudice.

**Local Rule 3.01(g) Certification**

CHI's counsel conferred with counsel for Houston in a good faith effort to resolve the issues raised by this motion. Houston opposes the motion and the relief sought.

SMITH HULSEY & BUSEY

By   /s/ *Stephen D. Busey*
      Stephen D. Busey
      John R. Thomas
      Asghar A. Syed

Florida Bar Number: 117790
Florida Bar Number: 77107
Florida Bar Number: 81735
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com
jthomas@smithhulsey.com
asyed@smithhulsey.com

Attorneys for Continental Holdings, Inc.

**CERTIFICATE OF SERVICE**

I certify that on this 30th day of September 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

/s/ *Stephen D. Busey*
Attorney

00940228.3