UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THE CITY OF JACKSONVILLE,
a State of Florida municipal corporation,
        Plaintiff,

v.                                  CASE NO.:  3:12-cv-850-J25-MCR

SHOPPES OF LAKESIDE, INC.,
a Florida corporation; JACKSONVILLE
HOSPITALITY HOLDINGS L.P., a
Delaware limited partnership; CONTINENTAL
HOLDINGS, INC., a Wyoming Corporation,
        Defendants,
_____/

CONTINENTAL HOLDINGS, INC.,
        Counterclaim-Plaintiff,

v.

THE CITY OF JACKSONVILLE,
        Counterclaim-Defendant,
_____/

CONTINENTAL HOLDINGS, INC.,
        Third-Party Plaintiff,

v.

HOUSTON PIPE LINE COMPANY, L.P, HPL
GP, LLC, GREIF, INC., CLAUDE NOLAN
CADILLAC, JEA f/k/a Jacksonville Electric
Authority, and TEXACO, INC.,
        Third-Party Defendants.
_____/

**NON-PARTY PEOPLES GAS SYSTEM'S MOTION FOR ATTORNEYS FEES
AND COSTS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

COMES NOW, the Non-Party Deponent PEOPLES GAS SYSTEM, a division of Tampa Electric Company ("PGS"), and hereby files pursuant to Fed.R.Civ.P. Rule 45 (d)(1) its Motion for Attorneys' Fees and Costs against Continental Holdings, Incorporated ("CHI") and states as follows:

1. Pursuant to Rule 3.01(g) of the Rules of the United States District Court for the Middle District of Florida, PGS has conferred with counsel for Defendant/Counterclaim Plaintiff/Third-Party Plaintiff, Continental Holdings, Inc. ("CHI"), in a good faith effort to resolve or narrow the issues raised herein.

2. On or about December 30, 2015, CHI caused a Subpoena with deposition to be served on PGS ("the Subpoena"). The Subpoena is attached hereto as Exhibit "A."

3. PGS and CHI agreed that a response from PGS to the Subpoena as well as the deposition of the PGS corporate representative would be tolled pending this Court ruling on CHI's Motion for Protective Order filed on February 29, 2016 ("CHI Motion for Protective Order") as such Motion addresses many of the identical issues raised in the instant motion. CHI's Motion for Protective Order was ultimately Denied in all respects except for the request for an in camera inspection and accordingly CHI was ordered to comply with the Production of Certain Documents Requested by Subpoena to David Isabel and Withheld from Production by Continental Holdings, Inc.

4. Counsel for CHI accordingly notified the undersigned on May 31, 2016 that PGS must produce responsive documents to the Subpoena by June 30, 2016; but with the deposition of the PGS corporate representative occurring after June 30, 2016 and on or before August 2, 2016.

5. In response, PGS filed its Motion to Quash Subpoena and Motion to Stay on June 15, 2016.

6. In an effort to reach an agreement with CHI, PGS made repeated requests for CHI to limit the scope of the Subpoena as PGS found the scope of the Subpoena overbroad and oppressive. PGS' attorneys (in house and outside counsel) traveled to Jacksonville, Florida from Tampa, Florida to meet with attorneys for CHI to see if an agreement could be reached which

narrowed the scope of the Subpoena to a level where the scope was narrow, clear, concise and unambiguous. An agreement could not be reached.

7. Prior to filing its Motion to Quash, PGS undertook an extensive review of over fifty (50) boxes of documents that could potentially be responsive to the Subpoena in order to determine, in good faith whether responding to the Subpoena would place an undue burden on PGS.

8. In the event this Court denied its Motion to Quash, or such motion was not ruled upon before June 30, 2016, PGS was left with no option but to undertake substantial effort and costs to be prepared to respond to the Subpoena. These efforts included both in-house and outside counsel for PGS reviewing the fifty (50) boxes of documents as well as incurring costs in the amount of $7,883.31 to bates stamp potentially responsive documents.

9. On June 24, 2016 this Court entered its Order Taking under Advisement PGS Motion to Quash and Motion to Stay (Doc 246). PGS halted activity relating to the Subpoena on this date, however by such date PGS incurred $40,087.35 in attorney's fees and $7,883.31 in costs.

10. On July 12, 2016, this Court granted PGS Motion to Quash the Subpoena and found "the subpoena would subject PGS to undue burden because it is overbroad, it is due to be quashed." (Doc 255 at 3) Additionally in Footnote 1, this Court stated: "To the extent the Motion to Quash seeks attorneys' fees and costs in responding to the subpoena, this request appears moot as PGS need not respond to the subpoena. In the event that PGS seeks sanctions with respect to the subpoena, it may file an appropriate motion, preferably after the close of discovery." (Doc 255 at FN #1).

11. As stated before, the entry of the order granting the Motion to Quash, PGS was left with no option but to spend several hours of attorney time plus costs to avoid the potential of sanctions by this Court if no responsive documents were available for review by CHI before the

3

discovery deadline. PGS incurred attorney's fees in the amount of $40,087.35 and costs in the amount of $7,883.31 as the result of a Subpoena the Court found to be overbroad. Accordingly pursuant to Rule Fed.R.Civ.P. (45)(d)(1) PGS is seeking sanctions against CHI in the amount of $47,970.66.

## MEMORANDUM OF LAW IN SUPPORT OF THIS MOTION

This motion is filed in accordance with Rule Fed.R.Civ.P. 45(d)(1) which states as follows: "(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. **The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.**" *Emphasis added.* As the court found that the subpoena would subject PGS to undue burden because it is overbroad, it must enforce an appropriate sanction against CHI. *See United Techs. Corp. v. Mazer*, No. 05-80980-CIV, 2007 WL 788877, at *5 (S.D. Fla. 2007) (awarding reasonable attorneys' fees to the responding party incurred in responding to a subpoena found to be overbroad). PGS requests this sanction to include its costs and attorneys' fees incurred in the amount of $47,970.66.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for PGS has conferred with counsel for CHI in good faith in an attempt to resolve the issues herein on September 8, 2016 The parties are unable to come to an agreement on the resolution of this Motion.

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by electronic mail and electronically with the Clerk of Court by using the *CM/ECF* system which will send a notice of electronic filing to the below, on this 16th day of November, 2016.

                                              *s/William B. Taylor, IV*
                                              William B. Taylor, IV, Esquire
                                              Florida Bar No.: 144329
                                              MACFARLANE, FERGUSON & MCMULLEN
                                              Post Office Box 1531
                                              Tampa, FL 33601
                                              Tel: 813-273-4200
                                              Fax: 813-273-4369
                                              Email Designation: wbt@macfar.com; vas@macfar.com
                                              *Attorneys for Peoples Gas System*

| | |
|---|---|
| Mary C. Sorrell<br>sorrell@fdn.com<br>**MARY C. SORRELL, P.A.**<br>P.O. Box 330108<br>Atlantic Beach, FL 32233<br>*Attorneys for Defendant, Shoppes of Lakeside, Inc.* | James C. Rinaman, III<br>jrinaman@rinamanlaw.com<br>**JAMES C. RINAMAN, III & ASSOCIATES, P.A.**<br>1054 Kings Avenue<br>Jacksonville, FL 32207<br>*Attorneys for Defendant, Jacksonville Hospitality Holdings, L.P.* |
| Tim E. Sleeth<br>tsleeth@smithhulsey.com<br>Whitney K. McGuire<br>wmcguire@smithhulsey.com<br>John R. Thomas<br>jthomas@smithhulsey.com<br>**SMITH HULSEY & BUSEY**<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32202<br>*Attorneys for Defendant, Continental Holdings, Inc.* | George F. Gramling III<br>george@gramlinglaw.com<br>**GRAMLING ENVIRONMENTAL LAW, P.A.**<br>118 South Newport Avenue<br>Tampa, FL 33606<br><br>*Attorneys for Third Party Defendants, Houston Pipe Line Company, L.P. and HPL GP, LLC* |
| Dominick J. Graziano<br>dgraziano@bgrplaw.com<br>Erin B. Reynolds<br>ereynolds@bgrplaw.com<br>**BUSH GRAZIANO RICE & PLATTER, P.A.**<br>101 E. Kennedy Boulevard, Suite 1700<br>Tampa, FL 33602<br>*Attorneys for Third Party Defendant Claude Nolan Cadillac, Inc.* | Scott R. Alexander<br>salexander@taftlaw.com<br>R. William Gardner<br>wgardner@taftlaw.com<br>**TAFT STETTINIUS & HOLLISTER LLP**<br>One Indiana Square, Suite 3500<br>Indianapolis, IN 46204<br>*Attorneys for Third Party Defendants, Houston Pipe Line Company, L.P. and HPL GP, LLC* |
| William L. Pence<br>wpence@bakerlaw.com<br>Kristina R. Ramsey<br>kramsey@bakerlaw.com<br>Michael S. Vitale<br>mvitale@bakerlaw.com<br>**BAKER & HOSTETLER LLP**<br>200 South Orange Avenue, Suite 2300<br>Orlando, FL 32801<br>*Attorneys for Plaintiff, City of Jacksonville and Third Party Defendant, JEA* | Michael B. Wedner<br>Senior Assistant General Counsel<br>mwedner@coj.net<br>Jason R. Teal<br>Deputy General Counsel<br>JTeal@coj.net<br>David J. D'Agata<br>Senior Assistant General Counsel<br>dagata@coj.net<br>OFFICE OF GENERAL COUNSEL<br>**CITY OF JACKSONVILLE**<br>117 West Duval Street, Suite 480<br>Jacksonville, FL 32202<br>*Attorneys for Plaintiff, City of Jacksonville and Third Party Defendant, JEA* |

Case 3:12-cv-00850-HLA-MCR   Document 241-1   Filed 06/21/16   Page 1 of 6 PageID 3623

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| The City of Jacksonville | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:12-cv-850 |
| Shoppes of Lakeside, Inc., et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Peoples Gas System, a division of Tampa Electric Company

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attached Exhibit A

| Place: Esquire Solutions<br>101 East Kennedy Blvd., Suite 3350, Tampa, FL 33602 | Date and Time:<br>January 29, 2016 10:00 a.m. |
|---|---|

The deposition will be recorded by this method: stenographically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See attached Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/23/2015

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Continental Holdings, Inc.                                                       , who issues or requests this subpoena, are:

Whitney K. McGuire, 225 Water Street, Suite 1800, Jacksonville, FL 32202; wmcguire@smithhulsey.com; 904-359-7700

Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A**

Case 3:12-cv-00850-HLA-MCR   Document 241-1   Filed 06/21/16   Page 2 of 6 PageID 3624

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:12-cv-850

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Peoples Gas System a division of Tampa Electric Co.
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit A

## EXHIBIT A

### Requests

1. All documents and communications, including internal communications, generated, authored or received by Peoples Gas System, Inc. d/b/a Teco Peoples Gas, a division of Tampa Electric Company ("Peoples Gas" or "you"), any of your agents or your attorneys relating to coverage available to Florida Gas Company or its affiliates, subsidiaries, successors or assigns, for claims for property damage or bodily injury arising out the release into the environment of pollutants or contaminants ("Environmental Claims") under insurance policies issued to Florida Gas Company.

2. All documents and communications between (a) you, any of your agents or your attorneys and (b) any insurers of Florida Gas Company relating to or evidencing meetings, discussions or exchanges of information, including any requests for such meetings, discussions or exchanges, about alleged liability of Florida Gas Company for Environmental Claims under any insurance policies issued to Florida Gas Company.

3. All documents and communications between (a) you, any of your agents or your attorneys and (b) any insurer of Florida Gas Company relating to or evidencing any meetings, discussions or exchanges of information including any requests for such meetings, discussions or exchanges, about claims, payments, denials of claims or settlements under any of insurance policies issued to Florida Gas Company of Environmental Claims threatened or made against Florida Gas Company.

4. All documents and communications relating to or evidencing any tendered claims for coverage under insurance policies issued to Florida Gas Company for coverage of

Environmental Claims being made against or reimbursement for damages incurred by Florida Gas Company.

5. All documents and communications relating to or evidencing any tendered claims for coverage under insurance policies issued to Florida Gas Company for coverage of Environmental Claims made against or reimbursement for damages incurred by Peoples Gas, including, but not limited to:

   a. Initial claims letters

   b. Any responses received by you, any of your agents or your attorneys from any insurers of Florida Gas Company in which the insurers requested information relating to the relationship between Peoples Gas and Florida Gas Company;

   c. Any responses you, any of your agents or your attorneys provided to any insurers of Florida Gas Company about the relationship between Peoples Gas and Florida Gas Company; and

   d. Any communications from any insurers of Florida Gas Company in which the insurers acknowledged Peoples Gas may be entitled to insurance coverage under any insurance policies issued to Florida Gas Company by the insurers.