**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| THE CITY OF JACKSONVILLE, | ) |
| Plaintiff, | ) |
| v. | )  Case No. 3:12-CV-850-J-25MCR |
| SHOPPES OF LAKESIDE, INC., *et al.*, | ) |
| Defendants. | ) |

**CONTINENTAL'S MOTION TO
AMEND AND CERTIFY THE JUDGMENT
IN FAVOR OF HOUSTON AS A FINAL JUDGEMENT**

Continental Holdings Inc. ("Continental") moves pursuant to Rule 59(e), Federal Rules of Civil Procedure, to amend the final judgment in favor of third party defendants Houston Pipeline Company, L.P. and HPL GP, LLC ("Houston") and against Continental (the "Judgment"; Doc. 316) by certifying pursuant to Rule 54(b) "that there is no just reason for delay" in entering a final judgment in favor of Houston, and in support says:

1.  On September 27, 2018, the Court entered an order (the "Order"; Doc. 315) on (i) Houston's Amended Motion for Summary Judgment (Doc. 299), (ii) City of Jacksonville's Amended Motion for Partial Summary Judgment (Doc. 298) and (iii) Continental's Amended Motion for Summary Judgment (Doc. 295). The Order, among other things, granted summary judgment to Houston and directed the Clerk of Court to enter judgment in favor of Houston and against Continental on Continental's third party complaint against Houston.

2. On September 28, 2018, the Clerk of Court entered the Judgment in favor of Houston and against Continental and dismissed Continental's third party complaint against Houston.

3. Because the Order does not adjudicate the claims of all parties in this action or include an express finding by the Court that there is no just reason for delay, the Judgment is not a final judgment that can be immediately reviewed on appeal. *See Carringer v. Tessmer*, 253 F.3d 1322, 1323 (11th Cir. 2001) (an order that dismissed less than all parties to an action but did not include an express determination there was no just reason for delay or directions to the Clerk to issue a final judgment was not reviewable on appeal).

4. Continental desires to seek immediate appellate review of the Order and Judgment. Accordingly, Continental requests the Court amend the Judgment to indicate there is no just reason for delay and direct the Clerk of Court to issue a final judgment in favor of Houston and against Continental.

**Memorandum of Law**

5. Rule 59(e) permits the Court to amend a judgment after it is entered.

6. Rule 54(b) allows the Court to direct entry of final judgment as to one or more but fewer than all parties if the Court expressly determines that there is no just reason for delay for the entry of a final judgment even though the judgment is interlocutory:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, cross claims, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or

> more, but fewer than all, claims or parties *only if the court expressly determines* that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.
>
> Rule 54(b), Fed.R.Civ.P. (emphasis added).

7. Under Rule 54(b), a court may certify an interlocutory judgment as a final judgment if the court determines that (i) the judgment is, in fact, a "final judgment" and (ii) there is no "just reason for delay" in certifying the judgment:

> First, the court must determine that its final judgment is, in fact, both "final" and a "judgment."
>
> * * *
>
> Second, having found that the decision was a final judgment, the . . . court must then determine that there is no "just reason for delay" in certifying it as final and immediately appealable.
>
> *Lloyd Nolan Foundation v. Tenet Health Care,* 483 F.3d 773, 777 (11th Cir. 2007) (citing *Curtiss-Wright v. General Electric*, 446 U.S. 1, 7 (1980)).

8. Under Rule 54(b), a judgment is final if it decides a claim for relief and ultimately disposes of an individual claim in a multiple claim action. *See Curtiss-Wright Corp.,* 446 U.S. at 7 (citing *Sears, Roebuck & Company v. Mackey*, 76 S. Ct. 895, 900 (1956)). To certify a judgment under Rule 54(b), the judgment "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in

3

the sense that it is 'an ultimate disposition of an individual claim entered in the course of multiple claims action.'" *Id.*

9. If a judgment adjudicates the claims of less than all parties, but does not include an *express* (i) determination that there is no just reason for delay and (ii) direction for the entry of a final judgment, the judgment is not final and is not appealable. *See Carringer* at 1323 (11th Cir. 2001).

10. The Supreme Court in *Curtiss* held that it was proper for the district court to consider "whether the nature of the claims already determined was such that no appellate court would have to decide the same issue more than once even if there were subsequent appeals." *Id*. at 8.

11. The Order supports entry of final judgment because the Order (i) adjudges that Houston is dismissed as defendant from this action, and (ii) does not involve any issue that might arise later in a subsequent appeal.

12. A judgment dismissing a party from a multi-party action can be a final judgment for purposes of Rule 54(b). *See Lloyd Nolan*, 483 F.3d at 781, n. 8.

13. In determining whether there is "just reason for delay," a court must exercise its discretion under Rule 54(b) "in the interest of sound judicial administration":

> The function of the . . . court under . . . Rule [54(b)] is to act as a "dispatcher."  It is left to the sound judicial discretion of the . . . court to determine the "appropriate time" when each final decision in a multiple [party] action is ready for appeal.
>
> * * *
>
> Thus, in deciding whether there are no just reasons to delay the appeal of individual final judgments in setting [sic] such as this, the district court must take into account

4

> judicial administrative interest as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals." … It was therefore proper for the District Judge . . . to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.
>
> *Curtiss-Wright Corporation*, 446 U.S. at 8 (quoting *Sears, Roebuck & Company*, 76 S. Ct. at 899-01 (1956)).

14. Because the Order (i) adjudicated all claims between Continental and (ii) Houston would not be prejudiced by a Rule 54(b) certification of the Judgment,[1] judicial administrative interests and the equities favor amending the Judgment to include a Rule 54(b) certification that there is no just reason for delay in entering a final judgment in favor of Houston.

15. Accordingly, Continental requests, pursuant to Rules 54(b) and 59(e), that the Court amend the Judgment by certifying that there is no just cause for delay in entry of the final judgment and stating the Judgment is a final judgment in favor of Houston.

---

[1] Houston will not be prejudiced by a Rule 54(b) certification of the Judgment because Continental intends to appeal the Judgment regardless of the outcome of 2nd stage of summary judgment briefing in which the Court will make determinations of allocability and allocation of liability.

5

**Local Rule 3.01(g) Certification**

Counsel for Continental has conferred with counsel for Houston in a good faith effort to resolve the issues raised by this motion. Houston does not believe the requested relief is necessary.

                        SMITH HULSEY & BUSEY

                        By  /s/ *Stephen D. Busey*
                            Stephen D. Busey
                            John R. Thomas

                        Florida Bar Number: 117790
                        Florida Bar Number: 77107
                        225 Water Street, Suite 1800
                        Jacksonville, Florida 32202
                        (904) 359-7700
                        (904) 359-7708 (facsimile)
                        busey@smithhulsey.com
                        jthomas@smithhulsey.com

                        Attorneys for Continental Holdings, Inc.

Certificate of Service

I certify that on this 25th day of October 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

/s/ <i>Stephen D. Busey</i><br>
Attorney

01015897.DOCX