**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 26, 2019

Clerk - Middle District of Florida
U.S. District Court
300 N HOGAN ST
JACKSONVILLE, FL 32202

Appeal Number: 18-15139-CC
Case Style: City of Jacksonville v. Continental Holdings, Inc., et al
District Court Docket No: 3:12-cv-00850-HLA-MCR

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Carol R. Lewis, CC/bmc
Phone #: (404) 335-6179

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

―――――――――――――

No. 18-15139-CC

―――――――――――――

CITY OF JACKSONVILLE,
a State of Florida municipal
corporation,

                                                  Plaintiff-Counter Defendant,

versus

JACKSONVILL HOSPITALITY HOLDINGS L.P.
a Delaware Limited Partnership,
et al.,

                                                  Defendant-Counter Claimant,

CONTINENTAL HOLDINGS, INC.,
a Wyoming Corporation,

                                                  Defendant-Counter Claimant
                                                                                Appellant,

HPL GP, LLC,
HOUSTON PIPE LINE COMPANY, L.P.,

                                                  Third Party Defendants-Appellees,

JEA F/K/A/ JACKSONVILLE ELECTRIC
AUTHORITY, et al .,

                                                              Third Party Defendants.

―――――――――――――

Appeal from the United States District Court
for the Middle District of Florida

―――――――――――――

Before: WILSON, ROSENBAUM and JILL PRYOR, Circuit Judges.

BY THE COURT:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. In the district court's partial summary judgment order, the court concluded that the Houston Pipe Line Company, L.P., and HPL GP, LLC, were not liable as third-party defendants for claims asserted by the City of Jacksonville against Continental Holdings, Inc. The district court thereafter entered judgment dismissing the Houston Pipe Line Company, L.P., and HPL GP, LLC, from the action. In a second order, the district court denied certification of its order and judgment for immediate appeal pursuant to Federal Rule of Civil Procedure 54(b) and ordered the parties to set a schedule on the issue of the amount of attorney's fees and costs Continental Holdings, Inc., owed to the Houston Pipe Line Company, L.P., and HPL GP, LLC, for defending against the claims.

Because the district court's partial summary judgment order and accompanying judgment did not dispose of all claims against all parties to the action and the district court denied certification under Rule 54(b), they were neither final nor immediately appealable. *See* 28 U.S.C. § 1291; *World Fuel Corp. v. Geithner*, 568 F.3d 1345, 1348 (11th Cir. 2009) (stating that a final order is one that ends the litigation on the merits); *see also* Fed. R. Civ. P. 54(b); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1245-46 (11th Cir. 2012) (holding that an order that disposes of fewer than all the claims is not final or immediately appealable unless the district court certifies the order for review under Rule 54(b)); *Gen. Television Arts, Inc. v. Southern Ry. Co.*, 725 F.3d 1327, 1331 (11th Cir. 1984). We also lack jurisdiction to review the district court's order denying certification of the order and judgment for immediate review and reserving a ruling on the amount of attorney's fees and costs. *See Supreme Fuels Trading FZE*, 689 F.3d at 1245-46; *U.S. S.E.C. v. Carrillo*, 325 F.3d 1268, 1272 (11th Cir. 2003) (stating that one of the

central purposes of the final judgment rule is to prevent piecemeal appellate review); *see also Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigration Servs.*, 452 F.3d 1254, 1256 (11th Cir. 2006) (holding that an order determining liability for fees and costs without determining the amount owed is not final).  All pending motions are DENIED as MOOT.

No motion for reconsideration may be filed unless it complies with the timing and other requirements of 11th Cir. R. 27-2 and all other applicable rules.