**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

THE CITY OF JACKSONVILLE,

       Plaintiff,

v.                              Case No. 3:12-CV-850-J-25MCR

SHOPPES OF LAKESIDE, INC., et al.,

       Defendants.

**CONTINENTAL'S MOTION TO**
**STRIKE SECTIONS I.C., I.D., AND II.**
**FROM JEA'S MEMORANDUM IN OPPOSITION TO**
**CONTINENTAL'S MOTION FOR SUMMARY JUDGMENT**

Continental Holdings, Inc. ("Continental") moves pursuant to the Court's Order on the Joint Notice Regarding Proposed Deadlines (the "Briefing Order"; Doc. No. 326) for an Order striking the motion for summary judgment contained in JEA's memorandum in opposition to Continental's motion for summary judgment on Continental's third party complaint against JEA (the "Response"; Doc. No. 342), and says:

1.      On October 30, 2018, the Court entered the Briefing Order, setting a briefing schedule on the parties' phase two motions for summary judgment.  In the Briefing Order, the Court admonished the parties to file only one motion for summary judgment:

> Phase two summary judgment motions must be filed on or before **January 15, 2019**; the Parties are reminded that they are allowed *one summary judgment motion*….
>
> > Briefing Order (bold in original, italics added).

2.      On January 15, 2019, JEA and Continental each filed motions for summary judgment (the "JEA MSJ" and the "Continental MSJ"; Doc. Nos. 339 and 340, respectively).

3.      In the JEA MSJ, JEA argued the Court should grant a summary judgment in favor of JEA because (according to JEA) there is no disputed issue of fact that JEA did not dispose of or discharge any hazardous substances at the Site (JEA MSJ, pp. 9-16).[1]

4.      On February 15, 2019, JEA filed its response to the Continental MSJ (the "Response"; Doc. No. 342).  Notwithstanding the Court's explicit direction in the Briefing Order, the Response included a *second* summary judgment motion, arguing the Court should grant a summary judgment to JEA on new grounds JEA did not argue in the JEA MSJ.

5.      JEA's Response argues the Court should grant JEA a summary judgment on (i) JEA's third party defenses (Section I.c), (ii) an equitable allocation of JEA's liability at zero percent liability (Section I.d.), and

---

[1] There are disputed issues of fact that preclude granting JEA's MSJ.  *See* Doc. No. 344.

(iii) Continental's claim against JEA for contribution under Section 376.313 (Section II.).[2] *See* Response, pp. 8-14.

6.      In Section I.c. of the Response, JEA argues "[e]ven if this Court finds that the sewer pipe was a facility, the facts presented by CHI warrant summary judgment in favor of JEA on its third-party defense" (Response, p. 8).

7.      In Section I.d. of the Response, JEA argues "[e]ven if this Court ultimately determines that JEA's equitable allocation should be determined, [based on the undisputed facts in the record,] the Court may allocate Zero Percent liability to JEA at this time" (Response, p. 11).[3]

8.      In Section II of the Response, JEA argues that "[e]ven were the Court to find that JEA is a liable party under Section 376.313, F.S., by virtue of the discharge reported on November 8, 1888, the undisputed facts demonstrate that JEA is entitled to summary judgment on its assertion of an affirmative defense based on the action or omission of a third party, as set forth in Section 376.308(2)(d), F.S." (Response, p. 13).

9.      In conclusion, JEA included the following prayer for relief:

> For all of the foregoing reasons, JEA respectfully requests that this Court: (1) deny CHI's Motion as to JEA; (2) *find that JEA is entitled to summary judgment on CHI's claims in Counts 10 and 12 of CHI's Amended Third Party Complaint based on the 1888 discharge of Gas Plant Wastes referenced in the*

---

[2] JEA could have included any or all of these grounds in the JEA MSJ.

[3] Continental disagrees with JEA's characterization of the factual record.

> *Records of the Board of Public Works for November 8, 1888, or, alternatively, that JEA's equitable share of CHI's claim for CERCLA response costs and damages under Section 376.313, F.S., is 0%*, and (3) grant JEA any and all other further relief as deemed just and proper, including an award of JEA's costs of litigation (including reasonable attorney's fees and expert witness fees) pursuant to Section 376.313(6).
>
> Response, pp. 14-15 (emphasis added).

10.     Because Sections I.c., I.d., and II. of the Response comprise an improper second summary judgment motion, the Court should strike those sections from the Response.[4]

### Memorandum of Law

11.     By moving for a summary judgment in its Response (on grounds not argued in the JEA MSJ), JEA violated the express terms of the Briefing Order. *See* Briefing Order ("the Parties are reminded that they are allowed *one summary judgment motion . . .*"; emphasis added).

12.     As previously demonstrated in this case, the Court has the authority to strike a motion that does not comply with the Court's briefing schedule. *See* Doc. No. 276 (Order granting City of Jacksonville's motion to strike Continental's motion for leave to file a second motion for summary judgment).

---

[4] The attorneys who filed the Response on behalf of JEA were the same attorneys that successfully moved to strike CHI's motion for summary judgment against the City of Jacksonville with respect to the 1979 transactions (*see* Docs. 267, 271, 272, and 276).

WHEREFORE, Continental requests the Court enter an Order striking Sections I.c., I.d., and II. from the Response and grant any further relief the Court deems appropriate.

Local Rule 3.01(g) Certification

The undersigned conferred with counsel for JEA.  The parties were unable to agree on the resolution of this motion.

SMITH HULSEY & BUSEY


By  */s/ Allan E. Wulbern*
      Stephen D. Busey
      Allan E. Wulbern
      John R. Thomas

Florida Bar Number: 117790
Florida Bar Number: 175511
Florida Bar Number: 77107
One Independent Drive, Suite 3300
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com
awulbern@smithhulsey.com
jthomas@smithhulsey.com

Attorneys for Continental Holdings, Inc.

## CERTIFICATE OF SERVICE

I certify that on this 8th day of April 2019, I electronically filed the

foregoing with the Clerk of Court by using the CM/ECF system.


_/s/ Allan E. Wulbern_
Attorney

01030060.2