UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**THE CITY OF JACKSONVILLE,**
a State of Florida municipal corporation,

    Plaintiff,

v.                                Case No. **3:12-cv-850-HES-MCR**

**SHOPPES OF LAKESIDE, INC.,**
a Florida corporation, *et al*,

    Defendants.
_____/

## ORDER

This Cause is before the Court on Houston Pipe Line Company, L.P., and HPL GP, LLC (collectively, Houston)'s Motion for Attorney Fees and Costs (Fee Motion)(Docs. 320[1] and 321), Houston's related Notice of Filing Affidavit (Doc. 335) and Summary (Doc. 382), as well as Continental Holdings, Inc. (Continental)'s Response (Doc. 328), the Parties' Stipulation (Doc. 381) and their supplemental authority submissions (Docs. 383 and 384).

---

[1] Continental has not filed a written objection to Houston's Bill of Costs (Doc. 320) but the Parties stipulated the issue of Houston's travel costs is before the Court (Doc. 381).

1

**Background**

The City of Jacksonville brought this cost recovery and contribution action against Continental and others pursuant to Sections 107 and 113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), 42 U.S.C. §§ 9607 and 9613(g)(2), and § 376.313, Florida Statutes.

The City sought to recover its costs with respect to the release of hazardous substances from a gas plant; the substances migrated onto City property.[2]

On April 6, 2015, Continental filed its Third-Party Complaint against Houston (Doc. 96) and others, asserting that Houston was in fact the successor-in-interest to the gas plant owner and therefore subject to liability for clean-up costs.[3]

On November 13, 2015, Continental filed a motion to dismiss its claims against Houston without prejudice (Motion to Dismiss)(Doc. 184). Houston filed an opposition (Doc. 190) and the Honorable Henry Lee Adams, Jr. held a hearing on the matter (Transcript, Doc. 221). Judge Adams denied the motion (Doc. 204).

---

[2] The City of Jacksonville sued other entities as well.

[3] The Amended Third-Party Complaint is document number 97.

On September 22, 2017, Judge Adams granted Houston's Motion for Sanctions (Sanctions Order)(Doc. 306). In the order, Judge Adams required Continental and its attorneys pay the fees and costs incurred by Houston in defending against Continental's Third-Party Complaint (Doc. 96). The order was entered pursuant to 28 U.S.C. § 1927 and the court's inherent authority based upon the judge's findings that Continental and its lawyers "acted in bad faith and multiplied the proceedings in this case unreasonably and vexatiously" (Doc. 306, page 9).

After the Sanctions Order was entered, Judge Adams granted Houston's summary judgment motion against Continental on the Third-Party Complaint (Doc. 315).[4] Accordingly, Houston filed a motion seeking a fee and cost award per the Sanctions Order and as a prevailing party under Florida Statutes § 376.313(6)(Doc. 321).

Prior to the undersigned's hearing on the amount of Houston's fee and cost request, the Parties entered a Stipulation (Doc. 381) regarding the reasonableness of the request as follows:

The total amount of attorneys' fees as of November 13, 2015, the date that Continental filed its motion to dismiss its Third-Party Complaint

---

[4] Houston filed Counterclaims against Continental in the same pleading as its answers and affirmative defenses (Docs. 138 and 139). The Counterclaims were dismissed on November 10, 2021(Doc. 388).

3

without prejudice (Doc. 184),[5] which was denied (Doc. 204), is: $170,365.97. The total amount of attorneys' fees as of October 12, 2018, the date that Houston filed its Fee Motion, is: $1,171,277.90. The total amount of attorneys' fees as of the date of the undersigned's fee hearing, October 6, 2021, is: $1,219,046.04.

Due to the Parties' Stipulation, the primary question before the Court is not whether Houston's claimed fees are reasonable, but rather whether Houston is entitled to fees and costs incurred after November 13, 2015. The Court must also decide entitlement to Houston's fees that were incurred in litigating the fee and cost amount (fees for fees).

Regarding costs, the Parties agree that Houston has incurred $308,218.75 in costs but Continental challenges the amount of Houston's travel cost request, which is $37,115.00.

On November 12, 2021, Continental appealed the Court's judgment in favor of Houston (Doc. 316) was well as the January 27, 2016 Order denying Continental's first motion to dismiss its third-party complaint against Houston (Doc. 204), the March 7, 2017 Order denying Continental's second motion to dismiss its third-party complaint against Houston (Doc. 294), the

---

[5] The Stipulation incorrectly lists the docket number as 282, which is the September 30, 2016 Motion to Dismiss filing.

4

September 22, 2017 Order granting Houston's motion for sanctions against Continental (Doc. 306), the September 27, 2018 Order granting Houston's amended motion for summary judgment (Doc. 315), and "any subsequent District Court Order on Houston's pending motion to tax fees and costs."

On June 17, 2022, the Eleventh Circuit Court of Appeals dismissed the appeal for lack of jurisdiction (Doc. 400), holding it lacked jurisdiction until the Court "calculates the amount of attorneys' fees and costs." *Id.* at page 2. Thus, the Court can now enter this Order regarding the amount of fees and costs.

**Standard**[6]

Both sides cite *Goodyear Tire & Rubber Co. v. Haeger*. In that case, the United States Supreme Court emphasized a bad faith fee award "must be compensatory, rather than punitive..." 137 S.Ct. 1178, 1182 (2017). "In other words, the fee award may go no further than to redress the wronged party 'for losses sustained'; it may not impose an additional amount as punishment for the sanctioned party's misbehavior." *Id.* at 1186.

The trial court must "establish a causal link between the litigant's misbehavior and legal fees paid by the opposing party." *Id.* at 1182. *Goodyear* rejected a trial court's award of all attorney's fees incurred "during the time

---

[6] Most internal citations and quotations will be omitted in this Order.

when Goodyear was acting in bad faith." *Id.* Instead, "[a] sanctioning court must determine which fees were incurred because of, and solely because of, the misconduct at issue..." *Id.* at 1183.

In other words, a party "may recover 'only the portion of his fees that he would not have paid but for' the misconduct." *Id.* at 1187. A district court must determine "whether a given legal fee—say, for taking a deposition or drafting a motion—would or would not have been incurred in the absence of the sanctioned conduct." *Id.*

In the case, the United States Supreme Court also noted, "[in] exceptional cases, the but-for test even permits a trial court to shift all of a party's fees, from either the start or some midpoint of a suit, in one fell swoop. *Chambers v. NASCO* offers one illustration. There, we approved such an award because literally everything the defendant did—'his entire course of conduct' throughout, and indeed preceding, the litigation—was 'part of a sordid scheme to defeat a valid claim.'" *Id.* at 1187-8. Similarly, "[i]f a plaintiff initiates a case in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior, the court may again make a blanket award." *Id.* at 1188.

**Analysis**

As noted, the threshold issue for the Court to decide is the cut-off date for Houston's fee award pursuant to the Sanctions Order. Continental contends that Houston is limited to fees incurred prior to the filing of its Motion to Dismiss the Third-Party Complaint Without Prejudice on November 13, 2015. Continental's position is that Houston's work after it filed the Motion to Dismiss was partly attributable to Houston's own conduct; Houston contested the dismissal motion.

In turn, Houston asserts that because it had valid grounds to contest Continental's Motion to Dismiss, it continued to incur fees solely due to Continental's misconduct in filing a bad faith complaint against it. Houston points out that despite the long litigation history regarding the relevant corporate successorship issue, months after filing the Third-Party Complaint, Continental admitted it lacked sufficient grounds at that time to pursue its case against Houston (Doc. 184, pages 6-7).

Judge Adams held a hearing on Continental's Motion to Dismiss (Doc. 221).[7] At the hearing, Houston's counsel discussed the reasons that it

---

[7] Continental continues to insist if the motion was granted the only possible prejudice to Houston would have been the chance of a future lawsuit litigating the same issue, which does not constitute adequate grounds to deny a dismissal motion. *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255(11th Cir. 2001)("[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice *other than the mere prospect of a subsequent lawsuit...*")(emphasis in original).

objected to Continental's request. Houston's counsel noted the relevant issue in the case, corporate successorship, had been actively litigated since 1990 but was "getting resurrected [without being decided]" (Doc. 221, page 26 of transcript).

Houston's counsel also expressed a concern that if dismissed, it would be unable to defend itself in the main case regarding the corporate successor issue (Doc. 221, transcript pages 33-6).

Regardless, Houston's written opposition and oral representation at the hearing demonstrate it agreed to a dismissal of Continental's Third-Party Complaint if the dismissal was *with prejudice* (Doc. 221, page 38 of transcript and Doc. 190, page 12).

Despite this fact, Continental's response to Houston's fee motion asserts, "Houston wanted to litigate the case [after the motion to dismiss was filed] over Continental's objection, even refusing the Court's offer [at the hearing] to dismiss Houston *with prejudice*...[Noting Judge Adams asked Houston's counsel]: 'Would you be satisfied if I represented to you that I

---

The Motion to Dismiss ruling is not before the undersigned. At any rate, Houston points out the *Pontenberg* court merely discussed "most cases," not the unusual situation Judge Adams addressed.

8

wouldn't even take this case if it was filed again?'" (Doc. 328, page 4 citing Doc. 221, page 36).

Continental's assertion is misleading. Of course, a judge's potential refusal to accept a future case is not tantamount to a dismissal with prejudice. Further, Continental did not offer a dismissal with prejudice either in its written motion or at the hearing.

When Judge Adams denied Continental's initial motion to dismiss, he noted, "[Houston asserts it] would be prejudiced if a successor liability determination was made during the pendency of this litigation without its active participation. The Court agrees that Houston has important interests at stake..."(Doc. 204, pages 1-2).

However, later in the case when Continental was faced with a potential adverse summary judgment ruling and Rule 11 sanctions, it filed another Motion to Dismiss *without prejudice* (Doc. 282).

Turning to whether binding authority requires the Court establish the Motion to Dismiss filing date as the end date for fee recovery in the instant case, the Court observes that *Goodyear* addressed sanctions based upon "discovery fraud" but that the lower court's award covered both "expenses

9

that could be casually tied to Goodyear's misconduct and those that could not." *Id.* at 1185. The United States Supreme Court held this was unacceptable because, "[c]ompensation for a wrong, after all, tracks the loss resulting from that wrong." *Id.* at 1186. The *Goodyear* opinion discussed its decision in *Fox v. Vice* 563 U.S. 826 (2011) which addressed a lower court's award of fees incurred to contest frivolous claims that were also necessary to defend against non-frivolous claims. When a "defendant would have incurred [an] expense in any event[,] he has suffered no incremental harm from the frivolous claim and so the court lacks a basis for shifting the expense." *Goodyear* at 1187.

Compared to the instant case, the *Fox* and *Goodyear* fact pattern is easily distinguishable. Judge Adams did not decide that Continental engaged in *some* bad faith conduct while prosecuting a legitimate complaint. Instead, he found Continental prosecuted a complaint that was *brought* in bath faith.[8] As previously discussed, the *Goodyear* court noted a blanket fee award is permissible in some cases if the relevant lawsuit should never have been

---

[8] The Sanctions Order also noted Continental's conduct that unreasonably multiplied the proceedings in this case when it vigorously opposed discovery regarding Continental's representations to the relevant insurance companies (Doc. 306, page 7).

brought. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1187-8 (2017).

A review of the Sanctions Order leads the undersigned to find that not was the Third-Party Complaint frivolous, this was indeed an exceptional case. The Sanctions Order noted numerous instances when Continental presented itself as the relevant gas company's successor and made representations to certain insurance companies regarding same. Judge Adams observed these representations resulted in Continental receiving millions of dollars as the relevant successor in interest. Despite this reality, Continental sued Houston in this court, asserting Houston was the relevant successor. Based upon Judge Adams' findings, *Goodyear* does not bar Houston's recovery for fees incurred after Continental filed its Motion to Dismiss.[9] [10]

---

[9] In a footnote, Continental argues, "Houston also cannot demonstrate that [Continental's] conduct was the sole cause of Houston's fees and costs because Houston asserted counterclaims against [Continental] that Houston would have prosecuted even if the Court granted [Continental's] motion to dismiss Houston" (Doc. 328, page 10, footnote 9). Continental offers no citation to support this contention and as Houston argued at the October 2021 hearing, the relevant counterclaims were essentially mirror images of Continental's claims against Houston (Doc. 393, Transcript page 33).

[10] As noted, Continental filed a second motion to dismiss without prejudice (Doc. 282). The second motion to dismiss was filed after Houston filed its summary judgment motion and served Continental with its Rule 11 sanctions motion (Doc. 282, page 3; Doc. 282-1).

Stated differently, because hours Houston reasonably spent defending against the Third-Party Complaint are attributable to Continental's bad faith conduct, a blanket award is appropriate. *Goodyear*, 137 S. Ct. at 1188. Thus, the Court awards fees through October 12, 2018, pursuant to the Parties' stipulation and the findings contained in the Sanctions Order.

**State law prevailing party fees**

Because Houston was granted summary judgment on Continental's Third-Party Complaint (Doc. 315), it also seeks fees under state law. Florida Statutes § 376.313(6) provides that, "[t]he court, in issuing any final judgment in [an action pursuant to Chapter 376], may award costs of litigation (including reasonable attorney's fees and expert witness fees) to any party, whenever the court determines such an award is *in the public interest*"(emphasis added).

Houston acknowledges the dearth of case law addressing this provision but notes Chapter 376 of the Florida Statutes was modeled after the Clean

---

Per Ethan Loeb's Declaration,"[o]n September 30, 2016, the same day on which [Continental] filed its...[second] Motion to Dismiss, [Continental's] counsel informed me by telephone that [Continental] would agree to a dismissal ***with prejudice*** only if Houston Pipeline paid [Continental] a settlement amount." (Doc. 286-1, paragraph 9)(emphasis in original).

Water Act. Fla. Stat. § 376.315 (declaring that Chapter 376 shall be liberally construed to affect the purposes of the Clean Water Act).

To award fees under the Clean Water Act, courts often require a finding the litigation was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Atlantic States Legal Foundation, Inc. v. Onondaga Dep't of Drainage & Sanitation*, 899 F. Supp. 84, 87 (N.D.N.Y. 1995)(quoting *Christianburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978)).

Houston asserts that because it is obvious Continental's claim was brought without foundation, it is entitled to fees under *Christianburg* and, further, because the Sanctions Order found Continental brought the claim in bad faith, there is an even stronger basis for assessing attorney's fees under state law.

The undersigned easily concludes that because Judge Adams decided the Third-Party Complaint was brought in bad faith, it was clearly groundless and without foundation (Doc. 306, page 9)("Continental and its attorneys acted in bad faith and multiplied the proceedings in this case unreasonably and vexatiously...")

13

Regarding the public interest requirement, as noted, Continental's Third-Party Complaint asserted Houston was the successor-in-interest to relevant gas company, and Continental's position is that it was in the public's interest to have the successor issue determined.

Houston asserts the public interest test is satisfied in its favor because although Continental's Third-Party Complaint specifically alleged it was brought in the public interest (Doc. 96, page 6, par. 34), this representation was inaccurate because prior to filing Continental had secured multiple insurance payments as the relevant successor.

Houston cites several cases to support its public interest argument including *Dangler v. Yorktown Cent. Sch.*, 777 F. Supp. 1175, 1177 (S.D.N.Y. 1991)("It is simply not in the public's interest to have frivolous cases litigated. The award of attorney's fees to a prevailing defendant under the *Christianburg* standard thus protects the public from those who irresponsibly claim to be acting for the public good.")

The Court agrees that a review of Judge Adams' summary judgment and sanctions orders demonstrates the Third-Party Complaint was not only groundless and without foundation it was not brought in the public interest. Thus, the Court finds that Houston is entitled to fees and costs under Section 376.313(6).

### Fees for litigating fee award

Next, Continental objects to an award of fees for the hours Houston spent litigating the fee award. Continental concedes that Section 1927 permits an award of fees incurred in litigating fee entitlement but argues Houston cannot recover fees for time spent litigating the reasonableness of fees.

In response, Houston asserts many of the claimed hours it expended were spent litigating entitlement rather than the amount of fees. As an example, Houston maintains the issues of fee recovery past the motion to dismiss filing date and fee recovery under state law relate to entitlement rather than a lodestar or reasonableness determination. Houston also argues that under Section 1927, "fees for fees" should be awarded in cases involving an unfounded claim asserted by a vexatious litigant. *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1298 (11th Cir. 2010)(holding that the plain language of 28 U.S.C. § 1927 includes costs and fees arising from the sanctions proceedings themselves because such proceedings were necessarily "occasioned by the objectionable conduct").

Regardless, Houston concedes a "fees for fees" award is clearly discretionary. *Olguin v. Florida's Ultimate Heavy Hauling*, 2019 WL 5290856 (S.D. Fla. July 23, 2019)(Adopting magistrate judge's report and

15

recommendation, 2019 WL 3426539 at *20, and declining to award fees for fees).[11]

The Court finds that the amount of the sanctions award without these added hours is considerable under state law, Section 1927 and the Court's inherent authority. The Court denies Houston's request for an award of these hours.

**Travel Costs**

Lastly, Continental argues Houston's travel costs are excessive because it hired three out of town law firms to assist with its defense. As Continental asserts, Houston bears the burden of demonstrating that the use of out-of-town counsel was necessary. *Mencia v. Allred*, 2017 WL 4480836 at *13 (D. Utah Oct. 6, 2017)("Travel costs for out-of-town counsel should be reimbursed where there is a showing that the use of out-of-town counsel was necessary.")

Houston asserts it made a necessary decision when it hired the three firms, given their unique skills and experience. Further, Houston asserts it required expertise because CERCLA is a complicated statute. Accordingly, Houston argues that special circumstances exist to award its travel costs.

The Court agrees that these types of travel expenses are reasonable when litigating a case involving a complicated statute such as CERCLA. The

---

[11] Per the Report and Recommendation, the court was "confronted with competing attorney's fees requests of approximately $100,000 (and still climbing higher) in a case which settled for less than eight hundred dollars." 2019 WL 3426539 at *1.

Court also finds the travel costs Houston claims do not appear excessive, especially compared to the tasks performed. Houston's travel costs are reimbursable under 28 U.S.C. § 1927, the Court's inherent authority and Florida Statutes § 376.313(6).

Accordingly, it is **ORDERED**:

Houston's Motion for Attorney Fees and Costs (Docs. 320 and 321) is **GRANTED in Part**. Houston is entitled to recover the following amounts from Continental and its attorneys: **$1,171,277.90** in fees and **$308,218.75** in costs. Houston may submit a proposed judgment pursuant to this ruling.

**DONE and ORDERED** at Jacksonville, Florida, this 22nd day of June, 2022.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:
Stephen D. Busey, esq.
John R. Thomas, esq.
Ethan J. Loeb, esq.
Allison C. Doucette, esq.

17