[PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 22-12419

_____

CITY OF JACKSONVILLE,
a State of Florida municipal corporation,

                                  Plaintiff-Counter Defendant,

*versus*

JACKSONVILLE HOSPITALITY HOLDINGS, L.P.,
a Delaware Limited Partnership, et al.,

                                  Defendant-Counter Claimant,

CONTINENTAL HOLDINGS, INC.,
a Wyoming Corporation,

Case 3:12-cv-00850-HES-MCR   Document 410   Filed 09/13/23   Page 2 of 18 PageID 14068
USCA11 Case: 22-12419   Document: 46-1   Date Filed: 09/13/2023   Page: 2 of 16

2                    Opinion of the Court                  22-12419

Defendant-Counter Claimant-Counter Defendant
Third Party Plaintiff-Appellant,

PGS,

Defendant,

CLAUDE NOLAN CADILLAC, INC., et al.,

Third Party Defendants,

HPL GP, LLC,
HOUSTON PIPE LINE COMPANY, L.P.,

Third Party Defendants-Counter Claimants
Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:12-cv-00850-HES-MCR

_____

Case 3:12-cv-00850-HES-MCR   Document 410   Filed 09/13/23   Page 3 of 18 PageID 14069
USCA11 Case: 22-12419   Document: 46-1   Date Filed: 09/13/2023   Page: 3 of 16

22-12419                Opinion of the Court                3

Before WILSON, GRANT, and BRASHER, Circuit Judges.

WILSON, Circuit Judge:

The procedural histories of some cases make one appreciate even more the exemplary work done by our country's district and magistrate judges. This is one such case.

After eight years of litigation involving ten different parties, Continental Holdings, Inc. (Continental) appeals the district court's denial of its November 2015 motion to voluntarily dismiss Houston Pipe Line Company, L.P. and HPL GP, LLC (collectively, Houston) from the case pursuant to Federal Rule of Civil Procedure 41(a)(2). Continental argues that we should reverse the district court's Rule 41(a)(2) decision and vacate all of the subsequent orders governing its dispute with Houston.

Fortunately, we need not delve too far into the volumes of court filings today. What is important for our purposes is that, over the course of this litigation, many parties filed motions pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) in an attempt to voluntarily dismiss their claims against another party. For each motion, fewer than all parties involved in the litigation provided a signature. Yet, Rule 41(a)(1)(A)(ii) only permits a plaintiff to dismiss an action without a court order by filing "a stipulation of dismissal signed by *all parties who have appeared*." (emphasis added). The question for this court is the following: In a multi-defendant lawsuit, does "all parties who have appeared" refer to 1) all parties involved in the dismissal (e.g., the plaintiff and the defendant(s) being dismissed), or 2) all parties who have appeared in the lawsuit (e.g.,

Case 3:12-cv-00850-HES-MCR   Document 410   Filed 09/13/23   Page 4 of 18 PageID 14070
USCA11 Case: 22-12419   Document: 46-1   Date Filed: 09/13/2023   Page: 4 of 16

4                          Opinion of the Court                      22-12419

the plaintiff and all other parties who have appeared at some point during the litigation)?

We conclude that the plain text of Rule 41(a)(1)(A)(ii) requires the latter. Because multiple motions made under this Rule were not signed by all parties who appeared in the lawsuit, they were ineffective, and the claims they purported to dismiss remain pending before the district court. Consequently, there has not been a final judgment below, and we lack jurisdiction to consider the merits of this appeal.

## I.  Background

A truncated history of this litigation may be useful here. This saga began in March 2015, when the City of Jacksonville (the City) filed a second amended complaint to recover costs and damages related to the contamination of soil and groundwater near a gas plant located within its borders. In its complaint, the City alleged that three parties were liable to it under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9607(a), 9613(g)(2), and Florida Statute § 376.313. The three named defendants were Jacksonville Hospitality Holdings L.P. (JHH); Shoppes of Lakeside, Inc. (Shoppes); and Continental.

The parties filed answers and counterclaims. Then, in April 2015, Continental filed an amended third-party complaint against six third-party defendants, including Houston (both Houston Pipe Line Company, L.P. and HPL GP, LLC); Greif, Inc. (Greif); Claude Nolan Cadillac, Inc. (Claude Nolan); JEA f/k/a/ Jacksonville

22-12419               Opinion of the Court                5

Electric Authority (JEA); and Texaco, Inc. (Texaco).  Continental alleged that these third-party defendants were liable for the release of pollutants at the gas plant.  Houston lodged counterclaims in return.  Then, in May 2015, Continental filed an amended, four-count counterclaim against the City, contending that the City was also liable for the pollution.

Bit by bit, whether through amended complaints, summary judgments, or voluntary dismissals, the claims dropped off.  Important for this case, numerous claims were "dismissed" using stipulations of voluntary dismissal under Rule 41(a)(1)(A)(ii).  By our tally, the following combinations of parties filed such stipulations: 1) Continental and Texaco (purporting to dismiss Texaco from the action); 2) Continental and Greif (purporting to dismiss Greif from the action); 3) Continental and Claude Nolan (purporting to dismiss Claude Nolan from the action); 4) the City and Shoppes (purporting to dismiss "all remaining claims and defenses against each other in this action"); 5) the City and JHH (purporting to dismiss "all remaining claims and defenses asserted against each other in this action"); 6) the City, Continental, and JEA (purporting to dismiss "all claims, defenses counterclaims, and/or third party complaints against one another"); and 7) Continental and Houston (purporting to dismiss "the Counterclaims filed by [Houston]").  For each of these, fewer than all parties involved in the litigation signed the stipulation.  As an example, the stipulation between Continental and Texaco that purported to dismiss Texaco from the

Case 3:12-cv-00850-HES-MCR   Document 410   Filed 09/13/23   Page 6 of 18 PageID 14072
USCA11 Case: 22-12419   Document: 46-1   Date Filed: 09/13/2023   Page: 6 of 16

6                          Opinion of the Court                    22-12419

case was only signed by those two parties—no other parties added their signatures.[1]

After the dust settled and all the claims were seemingly resolved, Continental filed its notice of appeal, challenging an earlier district court order that denied its motion to voluntarily dismiss Houston pursuant to Rule 41(a)(2).[2] Continental contests this order because, well over a year after it was denied, the district court granted a motion by Houston to impose sanctions on Continental for what the district court determined was frivolous and bad-faith litigation. Toward the end of the proceedings, after a hearing to determine the appropriate sanctions, the district court ordered Continental to pay Houston nearly $1.5 million in attorneys' fees and costs. From Continental's perspective, though, these monetary sanctions would not have been unduly multiplied if the district

---

[1] It appears that the closest any of these Rule 41(a)(1)(A)(ii) dismissals came to including the signatures of all parties who appeared in the litigation was the stipulation between Continental and Greif, which only omitted a signature from Texaco. At the time, Texaco had already been dismissed from the lawsuit through a stipulation of voluntary dismissal with Continental. As we will explain, though, Continental and Greif still needed Texaco's signature for the dismissal to be effective.

[2] Unlike Rule 41(a)(1)(A)(ii), which we will discuss in more detail below, Rule 41(a)(2) requires a plaintiff wishing to dismiss an action to obtain a court order. "The decision of whether to grant a voluntary dismissal pursuant to Rule 41(a)(2) . . . falls within the sound discretion of the district court." *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015).

court did not abuse its discretion in denying (at Houston's request) its Rule 41(a)(2) motion to dismiss Houston from the case.

Before receiving the parties' briefs on the merits, we issued a jurisdictional question. The question cited Rule 41(a)(1)(A)(ii) and inquired "whether all the voluntarily dismissed claims have been properly resolved for purposes of this Court's appellate jurisdiction." We now turn to our resolution of that question.[3]

## II.   Law and Analysis

### A.  Standard of Review

"We have a threshold obligation to ensure that we have jurisdiction to hear an appeal, for 'without jurisdiction we cannot proceed at all in any cause.'" *Acheron Capital, Ltd. v. Mukamal ex rel. Mut. Benefits Keep Pol'y Tr.*, 22 F.4th 979, 986 (11th Cir. 2022) (quoting *Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1227 (11th Cir. 2020)). The jurisdiction of this court "is ordinarily limited to appeals from final decisions of the district courts." *Id.* (quoting *Thomas v. Blue*

---

[3] In response to a letter memorandum from this court that directed the parties to some of the caselaw discussed below, the parties filed a joint motion requesting a stay of the appeal so they could return to the district court to obtain a Rule 54(b) certification. *See* Fed. R. Civ. P. 54(b) (allowing a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties"). Because issues involving voluntary dismissals under Rule 41 are fairly commonplace in this circuit, *see, e.g.*, *In re Esteva*, 60 F.4th 664 (11th Cir. 2023); *Rosell v. VMSB, LLC*, 67 F.4th 1141 (11th Cir. 2023), we denied the motion in order to resolve the jurisdictional question. We are grateful to counsel from both parties for presenting thoughtful arguments to aid the court in settling this matter.

Case 3:12-cv-00850-HES-MCR   Document 410   Filed 09/13/23   Page 8 of 18 PageID 14074
USCA11 Case: 22-12419   Document: 46-1   Date Filed: 09/13/2023   Page: 8 of 16

8                    Opinion of the Court                    22-12419

*Cross & Blue Shield Ass'n*, 594 F.3d 823, 828 (11th Cir. 2010)). "In a case involving multiple claims, in the absence of a Federal Rule of Civil Procedure 54(b) certification, a district court's disposition of fewer than all the claims does not constitute an appealable final judgment." *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 779–80 (11th Cir. 2005); *see also Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1245–46 (11th Cir. 2012) (per curiam).

We review the interpretation of the Federal Rules of Civil Procedure and any jurisdictional issues de novo. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).

### B. Federal Rule of Civil Procedure 41(a)(1)(A)(ii)

Rule 41(a)(1)(A)(ii) states that, subject to certain rules and statutes (none of which are relevant here), a "plaintiff may dismiss *an action* without a court order by filing . . . a stipulation of dismissal signed by *all parties who have appeared*." (emphases added). "We give the Federal Rules of Civil Procedure their plain meaning, and generally with them as with a statute, when we find the terms unambiguous, judicial inquiry is complete." *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 123 (1989) (cleaned up).

Guided by this instruction, this court has recently explained the meaning of "an action" in the context of Rule 41(a). In the case of *In re Esteva*, we made clear that a "plain reading" of Rule 41(a)(1)(A) "reveals that the Rule does not authorize the voluntary dismissal of individual claims." 60 F.4th 664, 675 (11th Cir. 2023). Instead, the word "action" refers to an entire lawsuit and not just particular claims within it. *Id.*; *see also id.* at 675–76 (explaining that

Case 3:12-cv-00850-HES-MCR   Document 410   Filed 09/13/23   Page 9 of 18 PageID 14075
USCA11 Case: 22-12419   Document: 46-1   Date Filed: 09/13/2023   Page: 9 of 16

22-12419               Opinion of the Court                9

"reading Rule 41(a)(1)(A) in concert with Rule 41's other provisions, as we must, makes it abundantly clear" that there is a distinction in the Federal Rules between "actions" and "claims").

In another recent case, *Rosell v. VMSB, LLC*, we held that the reasoning of *In re Esteva*—and numerous cases before it—comfortably extends to Rule 41(a)(2). We explained that "a Rule 41(a)(2) dismissal can only be for an entire action, and not an individual claim." 67 F.4th 1141, 1144 (11th Cir. 2023). Both *Rosell* and *In re Esteva* highlighted an important, longstanding exception to this rule. That is, "Rule 41(a) allows a district court to dismiss all claims against *a particular defendant*." *Id.* at 1144 n.2; *In re Esteva*, 60 F.4th at 677; *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004); *Plains Growers ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973).[4]

We now pick up where those cases left off and turn to the meaning of the phrase "all parties who have appeared." There have been a paucity of cases addressing this interpretive question, and those that do exist, unhelpfully enough, arrive at different conclusions.

Continental urges us to follow the lead of the Fifth Circuit, which, in the case of *National City Golf Finance v. Scott*, briefly stated in a footnote that "[i]n a multi-defendant suit, the plaintiff may

---

[4] Decisions of the former Fifth Circuit rendered before October 1, 1981, are binding on this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Case 3:12-cv-00850-HES-MCR   Document 410   Filed 09/13/23   Page 10 of 18 PageID 14076
USCA11 Case: 22-12419   Document: 46-1   Date Filed: 09/13/2023   Page: 10 of 16

10                        Opinion of the Court                    22-12419

single out a party for dismissal; in those cases only the dismissed defendant need sign the stipulation." 899 F.3d 412, 415 n.3 (5th Cir. 2018).[5] Continental argues that this course is correct for at least two reasons: one textual and one pragmatic.

Textually, Continental reasons that because Rule 41(a)(1)(A) concerns itself with the dismissal of "an action," it is sensible to append the word "action" to the end of subsection 41(a)(1)(A)(ii), such that it effectively reads that parties may file "a stipulation of dismissal signed by all parties who have appeared *in the action*." And, because we have precedent that permits individual defendants to be dismissed using Rule 41(a)(1)(A), it follows that when this happens, only the plaintiffs and individual defendants involved in the dismissal should have to sign the stipulation. *See Rosell*, 67 F.4th at 1144 n.2 ("Our Circuit has recognized that Rule 41(a) allows a district court to dismiss all claims against *a particular*

---

[5] The Fifth Circuit cited two sources to support this position: *Plains Growers ex rel. Florists' Mutual Insurance Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973) and 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2362 (3d ed. Apr. 2018 update). However, neither of these sources address the question of who must sign a stipulation of dismissal in order for it to be effective. Instead, both advance a proposition that, as discussed above, is already well-accepted in this circuit: Rule 41(a) permits voluntary dismissals of individual parties in multi-defendant suits. *See Plains Growers*, 474 F.2d at 253 (holding that plaintiffs are "entitled to a dismissal against one defendant under Rule 41(a), even though the action against another defendant would remain pending"); Wright & Miller, § 2362 (noting that the "sounder" interpretation of Rule 41(a) is one that allows dismissals of individual defendants from a multi-defendant suit).

Case 3:12-cv-00850-HES-MCR   Document 410   Filed 09/13/23   Page 11 of 18 PageID 14077
USCA11 Case: 22-12419   Document: 46-1   Date Filed: 09/13/2023   Page: 11 of 16

22-12419               Opinion of the Court                11

*defendant*. But that exception (if it can be called that) is compatible with the rule's text because in a multi-defendant lawsuit, an 'action' can refer to all the claims against one party." (internal citations omitted)).

Pragmatically, Continental argues that it makes little sense to burden counsel with the inconvenience of tracking down every party that has appeared in a case just to dismiss a single defendant. This very dispute highlights the point: ten parties have been involved, with claims being resolved at different points over the course of eight years. As Continental sees it, requiring parties to gather ten signatures each time a defendant is voluntarily dismissed adds an unnecessary inefficiency to the adjudication process.

On the other side of the debate is Houston, which points us to two unpublished decisions (including one from this circuit) holding that Rule 41(a)(1)(A)(ii) requires the signatures of all parties in a lawsuit. *See Hardnett v. Equifax Info. Servs., LLC*, No. 21-13195, 2023 WL 2056285, at *1 (11th Cir. Feb. 17, 2023) (per curiam); *Anderson-Tully Co. v. Fed. Ins. Co.*, 347 F. App'x 171, 176 (6th Cir. 2009). Both of those cases relied primarily on the plain text of the Rule. *See Hardnett*, 2023 WL 2056285, at *1 (noting that "in interpreting Rule 41(a)(1), we have repeatedly said that the Rule 'means precisely what it says'") (quoting *Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters*, 506 F.2d 914, 916 (5th Cir. 1975)); *Anderson-Tully Co.*, 347 F. App'x at 176 (finding that, given the "plain language" of the Rule, "the more prudent course is to decline the invitation to

Case 3:12-cv-00850-HES-MCR   Document 410   Filed 09/13/23   Page 12 of 18 PageID 14078
USCA11 Case: 22-12419   Document: 46-1   Date Filed: 09/13/2023   Page: 12 of 16

12                    Opinion of the Court                    22-12419

qualify the meaning of the word 'parties' when the drafters could have done so themselves").

Mindful of our obligation to "give the Federal Rules of Civil Procedure their plain meaning," *Sargeant v. Hall*, 951 F.3d 1280, 1283 (11th Cir. 2020) (quoting *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 540 (1991)), we find Houston's side of the argument more persuasive. Looking to the text of Rule 41(a)(1)(A)(ii), there is simply no language that qualifies the clause "all parties who appeared." The lack of any words restricting the subsection's scope suggests that a broad reading—one covering all parties in a lawsuit—is warranted. This interpretation is supported by the fact that the drafters qualify the term "party" or "parties" elsewhere in the Federal Rules. *See, e.g.*, Fed. R. Civ. P. 19(a)(1)(A) ("existing parties"); Fed. R. Civ. P. 24(a)(2) ("existing parties"); Fed. R. Civ. P. 24(b)(3) ("original parties[]"); Fed. R. Civ. P. at 25(a)(2) ("remaining parties"); Fed. R. Civ. P. 26(c)(1) ("affected parties"). In fact, even in Rule 41(a)(1)(A)(i), the drafters permit a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the *opposing party* serves either an answer or a motion for summary judgment." (emphasis added). In Rule 41(a)(1)(A)(ii), the drafters swap the words "opposing party" for "all parties," expanding its scope.

And all means all. We agree with the Sixth Circuit's holding in *Anderson-Tully* that a Rule 41(a)(1)(A)(ii) stipulation also requires the signature of a party that appeared but has already been removed from an action. 347 F. App'x at 176.

We recognize the logic of Continental's argument that one could, perhaps, read the phrase "in the action" into Rule 41(a)(1)(A)(ii), and that given our precedent, this could reasonably lead to the conclusion that only those parties involved in the dismissal need to sign the stipulation. However, it is the function of this court to interpret and apply rules—not write them. Given that the drafters could have inserted narrowing language into Rule 41(a)(1)(A)(ii) but chose not to, we must turn down the opportunity to pick up the pen and do so for them.

A sizeable portion of the appeal of Continental's argument is undoubtedly its practicality. Indeed, we are not blind to the inconveniences this may cause parties in large, multi-defendant lawsuits. And, we further recognize the drafters' directive that the Federal Rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. However, there are practical considerations that support this holding as well. "The purpose of Federal Rule of Civil Procedure 41(a)(1) is to permit the plaintiff to dismiss an action voluntarily when no other party will be prejudiced." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2362 (4th ed. June 2023 update). By requiring each and every party that has thus far appeared in a lawsuit to sign a stipulation of dismissal, this construction helps to ensure that other parties are not somehow prejudiced by the sudden dismissal of a defendant.

Case 3:12-cv-00850-HES-MCR   Document 410   Filed 09/13/23   Page 14 of 18 PageID 14080
USCA11 Case: 22-12419   Document: 46-1   Date Filed: 09/13/2023   Page: 14 of 16

14                    Opinion of the Court                   22-12419

It does not take a stretch of the imagination to see how omitting some parties' signatures in a Rule 41(a)(1) dismissal could prejudice those parties' interests. This litigation involved the allocation of liability for pollutants discharged by a long-defunct gas company. Continental, via its third-party complaint, pointed the blame at a handful of other parties as the true successors-in-interest of the company, and thus of the liabilities. While we do not imply that this occurred here, in a similar suit one could easily imagine two parties striking a collusive agreement to dismiss all claims, whether in order to strategically increase the exposure for another party or to throw roadblocks in front of the City's efforts to obtain the orderly and efficient adjudication of its claims. Requiring signatures from all parties would serve as a bulwark against these possibilities. Further, it is not always true that a removed party has no more interest in the course of a suit; consider that the final judgment in the district court often triggers the beginning of appellate proceedings. *See Anderson-Tully*, 347 F. App'x at 176.

We also note that if counsel are unable to acquire signatures from all parties who have appeared in the litigation, the Rules do not leave them without recourse. Should this situation arise, Rule 41(a)(2) still provides parties with an avenue for securing dismissals through court order. See Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers

Case 3:12-cv-00850-HES-MCR   Document 410   Filed 09/13/23   Page 15 of 18 PageID 14081
USCA11 Case: 22-12419   Document: 46-1   Date Filed: 09/13/2023   Page: 15 of 16

22-12419               Opinion of the Court                      15

proper.").[6] And other alternatives are available as well. As we laid out in *Rosell*, "[l]itigants who wish to dismiss, settle, or otherwise resolve less than an entire action can ensure that they receive a final judgment on the remainder of their claims . . . by seeking partial final judgment under Rule 54(b) from the district court, or by amending their complaints under Rule 15." 67 F.4th at 1144 (citing *Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018)).

### III.  Conclusion

The eight-year path of this litigation has been long and winding, and unfortunately, we must extend it a little further. Because many parties purported to voluntarily dismiss their claims through joint stipulations but did not obtain the signatures of "all parties who ha[d] appeared" as we have interpreted that phrase here, the dismissals were ineffective, and the claims remain before the district court. Because judgment is not final on all of the claims, we lack jurisdiction to hear this appeal.

---

[6] Of course, we express no opinion as to whether the district court acted within the bounds of its discretion in denying Continental's Rule 41(a)(2) motion in this case.

We note also that two of the stipulations—between the City, Continental, and JEA, and between Continental and Houston—were followed by orders by the district court granting the dismissal. Arguably, we could treat these as functional Rule 41(a)(2) dismissals. But even if we did, that would leave five defective stipulations. As previously explained, even one defective dismissal defeats our jurisdiction over this appeal.

| 16 | Opinion of the Court | 22-12419 |

We **DISMISS** this appeal for lack of jurisdiction.

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith  
Clerk of Court

For rules and forms visit  
www.ca11.uscourts.gov

September 13, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 22-12419-GG  
Case Style: City of Jacksonville v. Continental Holdings, Inc., et al  
District Court Docket No: 3:12-cv-00850-HES-MCR

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. <u>Although not required</u>, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. <u>See</u> 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. <u>See</u> 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, <u>costs taxed against the appellant</u>.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1A Issuance of Opinion With Costs